222 So.2d 434 (1969)
Carroll E. WADE, Appellant,
v.
STATE of Florida, Appellee.
No. 68-306.
District Court of Appeal of Florida. Second District.
May 16, 1969.
R. Grable Stoutamire, of Ware & Stoutamire, Clearwater, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and William D. Roth, Asst. Atty. Gen., Lakeland, for appellee.
PER CURIAM.
Defendant-appellant, Carroll E. Wade, appeals a judgment and sentence entered pursuant to a plea of guilty of handling and fondling a female child under the age of 14 years.
Appellant was charged in a three-count information with handling and fondling a female child under the age of fourteen years. At his arraignment, appellant appeared with appointed counsel and entered a plea of not guilty to each of the charges. On June 9, 1965, appellant again appeared with appointed counsel and moved to withdraw his plea of not guilty and entered a plea of guilty to the charge contained in Count II of the information filed against him. At that time it was announced to the court that the charges contained in Counts *435 I and III of the information were being nolle prossed by the state's attorney.
On August 5, 1965, appellant appeared before the lower court and was sentenced to a term of six months to fifteen years.
On June 6, 1968, almost three years later, appellant was resentenced to a term of from six months to ten years, said resentencing arising from an order of the U.S. District Court, Middle District of Florida, pointing out that the original sentence exceeded the maximum allowed by law for the crime of which appellant had been found guilty.
Appellant has filed his notice of appeal from the resentencing of June 6, 1968, which notice and amended notice filed on September 5, 1968, seek review of the original judgment of guilty entered almost three years previous.
We take note here of a point  the question of jurisdiction  which neither party has raised nor argued.
On initially reviewing the record herein, it appeared that appellant could not seek direct review of the judgment of conviction since the June 6, 1968 hearing was a resentencing procedure.
The controlling statute in this regard is § 924.09, Fla. Stat. 1967, F.S.A., which provides:
"An appeal may be taken by the defendant only within ninety days after the judgment, sentence, or order appealed from is entered, except that an appeal by a person who has not been granted probation may be taken from both judgment and sentence within ninety days after the sentence is entered."
Our research has disclosed no Florida case directly on point in construing § 924.09, Fla. Stat. 1967, F.S.A. As the original sentencing on August 5, 1965, was "invalid" and as appellant was not properly and "validly" sentenced until June 6, 1968, it would appear that the judgment of guilty rendered on August 5, 1965, is now reviewable by the plain meaning of § 924.09, Fla. Stat. 1967, F.S.A. As § 924.09, Fla. Stat. 1967, F.S.A., contains nothing that would prevent appellant from seeking review of the judgment in this case, we hold we have jurisdiction for direct review. In addition, F.A.R. 6.2 as amended 1965, 32 F.S.A. (which has since been revised but which was the rule in effect at all times material herein) provides:
"Any appeal by the defendant shall be taken within 90 days after the judgment is entered, or from the judgment or sentence, or both, with 90 days after the sentence is entered."
We have carefully reviewed the record on appeal and the briefs filed herein in the light of appellant's sole point on appeal and find that point to be without merit.
Affirmed.
LILES, C.J., and HOBSON and McNULTY, JJ., concur.