285 So.2d 47 (1973)
Leonard NEARY, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 73-39.
District Court of Appeal of Florida, Fourth District.
November 9, 1973.
Richard L. Jorandby, Public Defender, and Richard S. Power, Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Thomas M. Carney and C. Marie Bernard, Asst. Attys. Gen., West Palm Beach, for appellee.
MAGER, Judge.
Defendant urges that his conviction and sentence should be set aside because his appeal cannot adequately be prepared due to the unavailability of the trial transcript.
*48 We are of the view that this issue is not properly before this court at this time inasmuch as defendant's right to appellate review is unresolved and must first be disposed of by petition for habeas corpus. State v. Wooden, Fla. 1971, 246 So.2d 755.
In this case defendant was charged with robbery in 1959, tried by jury and found guilty in 1960. Defendant was adjudged guilty on August 10, 1960; the same date he appeared before the trial court without counsel, for sentencing, and was sentenced to state prison for a period of 10 years.
Defendant filed a petition for writ of habeas corpus and motion to vacate "in the Criminal Court of Record in and for Palm Beach County" on or about July 25, 1972, alleging:
"At the time of sentence petitioner was not represented by counsel, was not informed of his right to counsel. Nor was petitioner informed of his right to appeal and the right to assigned counsel as an indigent, to represent him on appeal. Due to this no appeal was taken from the judgment and conviction."
On August 3, the trial court entered an order denying defendant's motion. Pursuant to a letter written by defendant on September 7, 1972, which the trial court treated as a motion for rehearing, an order was entered on November 14, 1972, granting the defendant a hearing for the purpose of challenging his sentence.
At a hearing held on December 6, 1972, the court ordered that the sentence imposed on August 10 be vacated and set aside on the basis that defendant was not represented by counsel at that time. The court proceeded to resentence defendant to confinement for a period of 10 years, with credit for time served. Defendant filed a notice of appeal directed to the court's resentencing order. Defendant filed assignments of error and supplemental assignments of error directed towards alleged errors occurring at the time of his original trial. Defendant set forth as additional assignment of error the contention that "his conviction and sentence should be set aside because his appeal cannot be adequately prepared due to the unavailability of the trial transcript".
Defendant requests that a new trial be granted solely on the basis of the unavailability of a transcript of the original proceedings held in 1960. Whether or not defendant is entitled to a verbatim transcript of the evidence or whether a summarized statement in narrative form would suffice hinges on a determination of the question of whether defendant was deprived of his right to appeal his conviction in 1960, as alleged in his motion below. If it can be determined that defendant fully and adequately was "informed of his right to appeal" but chose not to do so the question of the unavailability of a transcript is rendered moot. We therefore need not consider the import of the decisions in Wade v. State, Fla.App. 1969, 222 So.2d 434, and Simmons v. State, Fla.App. 1967, 200 So.2d 619.[1]
The proper method for raising the issue of deprivation of direct appeal is by a petition for habeas corpus in the district court of appeal of the district where petitioner was confined at the time of sentencing. State v. Wooden, supra; Baggett v. Wainwright, Fla. 1969, 229 So.2d 239. *49 An appeal from a resentencing order premised upon a motion and petition filed before the trial court does not give this court jurisdiction to treat the question of deprivation of direct appeal. The only issue properly before this court in this appeal relates to the resentencing order. The reimposed sentence in the case sub judice was within the bounds established by statute. The imposition of sentence rests within the discretion of the trial court and will not be disturbed if it is within the bounds of the statute. Infante v. State, Fla.App. 1967, 197 So.2d 542. See Rule 6.2, F.A.R., 32 F.S.A.
Accordingly, the appeal from the order of resentencing is affirmed without prejudice to the filing of an appropriate petition for writ of habeas corpus.
WALDEN, J., and FERRIS, JOHN G., Associate Judge, concur.
NOTES
[1] Simmons v. State, supra, concerns the effect of the unavailability of a trial transcript. Wade v. State, supra, dealt with the jurisdiction of the appellate court to review a resentencing order and an original judgment of guilt. It is significant to note the very important factual distinction between the Wade case and the case sub judice. In Wade, appellant's notice of appeal and amended notice of appeal sought to review the resentencing order and the original judgment of guilty entered some three years previous. In the case sub judice the notice of appeal is directed solely to the resentencing order; there is no notice of appeal from the judgment of guilt rendered some ten years prior to resentencing.