600 So.2d 20 (1992)
Jeffalon MARTIN, Appellant,
v.
STATE of Florida, Appellee.
No. 91-03079.
District Court of Appeal of Florida, Second District.
May 29, 1992.
Rehearing Denied July 2, 1992.
*21 James Marion Moorman, Public Defender, Bartow, and Brad Permar, Asst. Public Defender, Clearwater, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
CAMPBELL, Judge.
The question before us is a jurisdictional one. For the reasons that follow, we have decided to treat the appeal as a petition for certiorari, strike the costs and otherwise dismiss the appeal.
On November 20, 1990, appellant was charged by information with grand theft. She pled not guilty and demanded a jury trial. On August 1, 1991, the jury found appellant guilty of the lesser included offense of petit theft. Both the jury verdict and the minutes of the trial appear in the record on appeal. Sentencing was set for August 23, 1991.
On August 23, 1991, the court signed the following order: "IT IS HEREBY CONSIDERED AND ORDERED at the time of sentencing, the Court hereby withholds adjudication of guilt and imposes court costs in the amount of $200.00 court costs to be paid within 90 days." Appellant was not placed on probation. That order was not filed of record until September 23, 1991, after appellant had, on September 19, 1991, filed a notice of appeal from the "Order, Judgment and Sentence of the Circuit Court in and for Pinellas County, Florida, rendered on August 23, 1991." In her brief, appellant has argued that the circumstantial evidence was insufficient to sustain the conviction. She has not challenged the imposition of costs except in her response to our order to show cause why this appeal should not be dismissed. On August 28, 1991, appellant filed a motion for a new trial. The court never ruled on that motion.
There are a number of potential jurisdictional problems with this sequence of events, some of which are minor and one of which is fatal to the appeal. We need not address the minor problems in view of the fact that the "order" being appealed is not appealable under Florida Rule of Appellate Procedure 9.140.
Under that Rule, a defendant in a criminal case may only appeal the following types of orders: A final order adjudicating guilt; an order granting probation (whether or not guilt has been adjudicated); orders entered after final judgment or finding of guilt (including orders revoking or modifying probation); an illegal sentence; or a sentence when required or permitted by law.
The court here specifically withheld adjudication, so this is clearly not a final order adjudicating guilt. The order does not place appellant on probation without an adjudication of guilt. The order is not one entered after final judgment since there *22 was no final judgment of guilt. A jury verdict alone without an adjudication of guilt may not be appealed. McAllister v. State, 418 So.2d 1203 (Fla. 5th DCA 1982). Finally, the order here is not a "sentence," as that term has been interpreted by the Attorney General since it was not preceded by an adjudication of guilt. 072 Op. Att'y Gen. 60 (1972).
Although we cannot reach the substance of appellant's arguments because the order here is not directly appealable, we believe we should address the imposition of costs by treating the appeal as a petition for certiorari on the grounds that it violates the essential requirements of law. Article I, section 19 of the Florida Constitution prohibits courts from compelling a person to pay costs before a judgment of conviction has become final. There is no such final judgment of conviction here.
We conclude that because the order violates the essential requirements of law by imposing costs without a final adjudication of guilt or a withholding of adjudication and a placing of appellant on probation, we must strike that portion of the order assessing $200.00 court costs. We dismiss the appeal insofar as it attempts to appeal the jury verdict.
DANAHY, A.C.J., and ALTENBERND, J., concur.