681 So.2d 901 (1996)
Carolyn Gallimore WAITE, Petitioner,
v.
CITY OF FORT LAUDERDALE, Respondent.
No. 96-0937.
District Court of Appeal of Florida, Fourth District.
October 23, 1996.
Eugene S. Garrett, Boca Raton, for petitioner.
Robert Scott Walker, Municipal Prosecutor, City of Fort Lauderdale, for respondent.
GROSS, Judge.
This is a petition for writ of certiorari addressed to an order entered by the circuit court in its appellate capacity. The issue in this case is whether a defendant found guilty in a criminal case may appeal from an order withholding adjudication of guilt, without *902 having been placed on probation. We hold that the circuit court sitting in its appellate capacity has jurisdiction to hear such an appeal.
Petitioner Carolyn Waite was charged with violating municipal ordinances. After a bench trial, the county court judge found her guilty of one ordinance violation. He withheld adjudication of guilt and sentenced Waite to time served in lieu of court costs.[1] Waite appealed to the circuit court after her post-trial motions were denied. Relying on Martin v. State, 600 So.2d 20 (Fla. 2d DCA 1992), the circuit judge dismissed the appeal pursuant to Florida Rule of Appellate Procedure 9.140(b) and section 924.06, Florida Statutes (1995), holding that
neither the statute nor the rule extends the right to appeal in circumstances where the lower court withholds adjudication of guilt.
Thus, because the decision of the trial court withholding adjudication is not a final order adjudicating guilt, it is not appealable. [citation omitted]. Moreover, the credit given to Appellant for time served cannot be considered a "sentence ... since it was not preceded by an adjudication of guilt."
Analysis of the types of orders that are appealable in a criminal case begins with the Florida Constitution. Article V, Section 5(b) states that a circuit court shall have "jurisdiction of appeals when provided by general law." This language delegates to the legislature the task of delineating the scope of the circuit court's appellate jurisdiction. See State v. Creighton, 469 So.2d 735, 739-40 (Fla.1985). Section 924.06(1)(a), Florida Statutes (1995), provides that a criminal defendant may appeal from a "final judgment of conviction when probation has not been granted." In the statutory chapter devoted to sentencing, the legislature has defined the term "conviction" more broadly than most criminal practitioners might expect. Chapter 921, Florida Statutes (1995), defines a "conviction" as a "determination of guilt that is the result of a plea or trial, regardless of whether adjudication is withheld." § 921.0011(2), Fla. Stat. (1995). Florida Rule of Criminal Procedure 3.703(d)(6) similarly defines a "conviction," adding language that includes cases where "imposition of sentence was suspended." See Fla. R.Crim. P. 3.701(d)(2). Rule 3.650 defines a "judgment" as "the adjudication by the court that the defendant is guilty or not guilty." The grammar of the rule indicates that a defendant can be adjudicated "not guilty." In other words, the rule's use of the term "adjudication" is synonymous with "determination." For these reasons, the order finding Waite guilty and withholding adjudication was an appealable "final judgment of conviction" within the meaning of section 924.06(1)(a).
This reading of section 924.06(1)(a) draws support from Florida Rule of Appellate Procedure 9.140(b)(1)(C), which permits a defendant to appeal "orders entered after final judgment or finding of guilt, including orders revoking or modifying probation."
Under the sentencing guidelines, a "prior record" includes "convictions" for "violations of county or municipal ordinances that incorporate by reference a penalty under state law." § 921.0011(5), Fla. Stat. (1995); Fla. R.Crim. P. 3.702(d)(8), 3.703(d)(15). It follows that if the disposition of a case involving *903 a withhold of adjudication can have future consequence by its inclusion in the sentencing guidelines equation, then section 924.06(1)(a) should be read in conjunction with chapter 921's definition of a conviction and rule 9.140(b)(1)(C) so that it is construed to allow a full appeal from an order withholding adjudication after a finding of guilt.[2]
The theoretical basis for Martin v. State, relied upon by the trial court, is unsound. A jury found the defendant in Martin guilty of petit theft. At sentencing, the court withheld adjudication and imposed $200 in court costs. The defendant appealed. The second district held that there was no appealable order under Florida Rule of Appellate Procedure 9.140(b); there was no final judgment adjudicating guilt under rule 9.140(b)(1)(A); no order placing the defendant on probation under rule 9.140(b)(1)(B); and no "sentence" under rule 9.140(b)(1)(D) & (E). In this case, as in Martin, there is no appealable order under these subsections of the rule.[3]
However, Martin did not discuss the language of rule 9.140(b)(1)(C) which allows the appeal of orders entered after "finding of guilt." Nor did Martin cite to section 924.06(1)(a), the statutory section concerning a criminal defendant's appellate rights. Instead, Martin contained the blanket statement that a "jury verdict alone without an adjudication of guilt may not be appealed." 600 So.2d at 22. As authority for that proposition, Martin cited to McAllister v. State, 418 So.2d 1203 (Fla. 5th DCA 1982), rev. denied, 429 So.2d 6 (Fla.1983). However, that case stands for a narrower point. McAllister addresses the deficiency of a notice of appeal which identified the orders appealed from as "final orders of finding guilt by the jury." McAllister holds only that a "verdict is not appealable," without mentioning a disposition where the court withholds adjudication. McAllister was not a case involving orders entered after a finding of guilt by the jury or court. Thus Martin's application of the case to a final disposition where a court has withheld adjudication and imposed court costs is an extension of the holding beyond its facts.
In sum, the order withholding adjudication of guilt was appealable under rule 9.140(b)(1)(C) as an order entered after a "finding of guilt." The petition for writ of certiorari is granted and the January 9, 1996 order dismissing the appeal is quashed. We certify conflict of this case with Martin v. State. See Fla. R.App. P. 9.030(a)(2)(A)(iv).
POLEN and STEVENSON, JJ., concur.
NOTES
[1] We do not reach the issue of the propriety of the sentence, because it was not raised below. One difficulty in this case arises because, with the exception of section 318.14(10), Florida Statutes (1995), Florida law links a withhold of adjudication with probation. See §§ 921.187(1)(a)3, 948.01, Fla. Stat. (1995); Fla. R.Crim. P. 3.670. Most statutory references tie the withholding of adjudication to the placement of a defendant on probation. See §§ 112.3173(2)(a), 327.36(1), 775.087(3)(a), 784.07(2), 784.08(3), 790.165(3), 893.135(3), 893.20(3), Fla. Stat. (1995). Had the court placed Waite on probation and then immediately suspended it, the order would have been appealable under section 924.06(1)(b), Florida Statutes (1995), as an "order granting probation." See Fla. R.App. P. 9.140(b). Also, it appears that a sentence of "time served" cannot be imposed where the imposition of a sentence has been withheld. "Time served" means that a defendant is sentenced to a definite period of incarceration and is then given immediate credit for time already spent incarcerated. Incarceration must be either a condition of probation (§§ 921.187(1)(a), 948.03(6)) or a sentence imposed when there has been an adjudication of guilt. See § 948.01(2), Fla. Stat. (1995).
[2] We note that Florida appellate courts have ruled on appeals arising from withholds of adjudication and the imposition of court costs without addressing the jurisdictional issue. E.g., Vamper v. State, 562 So.2d 816 (Fla. 3d DCA 1990), aff'd, 579 So.2d 730 (Fla.1991).
[3] Both the rules and the statutes use the term "sentence" as a term of art. Section 948.01(2), Florida Statutes (1995), provides that when a defendant is placed on probation the court "shall stay and withhold the imposition of sentence upon such defendant." The term "sentence" in rules 9.140(b)(1)(D) & (E) relates back to the definition of the term in Florida Rule of Criminal Procedure 3.700(a):

The term sentence means the pronouncement by the court of the penalty imposed on a defendant for the offense of which the defendant has been adjudged guilty.
Probation is not a "sentence" but a "final disposition" under rule 3.700(b). Because Waite was not "adjudged guilty," her appeal is not of a "sentence" under rule 9.140(b)(1)(E).