720 So.2d 247 (1998)
STATE of Florida, Petitioner,
v.
Robert SCHULTZ, Respondent.
No. 91578.
Supreme Court of Florida.
November 5, 1998.
Robert Butterworth, Attorney General, Celia Terenzio, Bureau Chief, and Barbra Amron Weisberg, Asst. Atty. Gen., West Palm Beach, for Petitioner.
No appearance for Respondent.
HARDING, Chief Justice.
We have for review the decision in Schultz v. State, 700 So.2d 56 (Fla. 4th DCA 1997), which the district court certified to be in conflict with the opinion in Martin v. State, 600 So.2d 20 (Fla. 2d DCA 1992). We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution. For the reasons expressed below, we approve the decision in Schultz.
The two districts are in conflict regarding whether a person found guilty in a criminal case may appeal from an order withholding adjudication of guilt, without having been placed on probation, under Florida Rule of Appellate Procedure 9.140. Rule 9.140, entitled "Appeal Proceedings in Criminal Cases," states in relevant part:
(b) Appeals by Defendant.
(1) Appeals Permitted. A defendant may appeal
(A) a final judgment adjudicating guilt;
(B) an order granting probation or community control, or both, whether or not guilt has been adjudicated;
(C) orders entered after final judgment or finding of guilt, including orders revoking or modifying probation or community control, or both;
(D) an unlawful or illegal sentence;
(E) a sentence, if the appeal is required or permitted by general law; or
(F) as otherwise provided by general law.
In Schultz, the defendant was charged with driving with a suspended or revoked license. After a bench trial, Schultz was found guilty and the court withheld adjudication and assessed $75 in court costs. Schultz appealed the finding of guilt to the circuit court. The State moved to dismiss, arguing that the circuit court did not have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.140. The circuit court, sitting in its *248 appellate capacity, dismissed Schultz's appeal for lack of jurisdiction. Schultz then filed a notice of appeal with the Fourth District Court of Appeal. The Fourth District treated the notice as a petition for writ of certiorari. The district court granted the petition and held that a defendant found guilty in a criminal case may appeal from an order withholding adjudication of guilt without having been placed on probation. Schultz, 700 So.2d at 56. The district court relied on its earlier decision in Waite v. City of Fort Lauderdale, 681 So.2d 901 (Fla. 4th DCA 1996), to reach this conclusion. In Waite, the district court held that the order withholding adjudication of guilt was appealable under rule 9.140(b)(1)(C) as an order entered after a finding of guilt. Id. Both Schultz and Waite certified conflict with Martin.
In Martin, the defendant was charged with grand theft. After a jury trial, Martin was found guilty of the lesser included offense of petit theft. The court withheld adjudication and assessed $200 in court costs. Martin appealed the finding of guilt to the Second District Court of Appeal. The district court held that the order being appealed was not appealable under rule 9.140. Martin, 600 So.2d at 21-22.
We agree with the Fourth District in Waite that an order withholding adjudication of guilt without placing the defendant on probation is appealable under rule 9.140(b)(1)(C). We find that such orders are "orders entered after final judgment or finding of guilt."
Accordingly, we approve the decision below. We disapprove the decision of the Second District in Martin.
It is so ordered.
OVERTON, SHAW, KOGAN, WELLS and ANSTEAD, JJ., concur.
PARIENTE, J., recused.