PER CURIAM.
On its own motion, this Court proposed a new appellate rule, Florida Rule of Appellate Procedure 9.142, to effectuate a procedure governing review of nonfinal orders in death penalty postconviction proceedings as set forth in Trepal v. State, 754 So.2d 702 (Fla.2000). In Trepal, the Court clarified its jurisdiction to review such orders, holding that jurisdiction was appropriate under article Y, section 3(b)(1) of the Florida Constitution. See 754 So.2d at 706-707. We also held that the appropriate method for seeking review was by petition in this Court with filing requirements that mirror the strict filing requirements contained in Florida Rule of Appellate Procedure 9.100, governing original proceedings in this Court and the district courts. See id. at 707.
The proposed rule was published for comment in the May 15, 2002, edition of The Florida Bar News. After considering the comments received, we now adopt rule 9.142 with certain modifications from the originally proposed version and as shown in the appendix to this opinion.[1]
As adopted, new rule 9.142 contains both the procedures for direct appeals in death penalty cases — now contained in rules 9.140(b)(6) and 9.140(h)[2] — and the procedures for review of nonfinal orders in death penalty postconviction proceedings, thus creating one appellate rule governing review procedures in death penalty cases. Rule 9.142(a) contains the procedures for *912 direct appeals. The substance of these procedures is unchanged. It has simply been deleted from rule 9.140 and added to rule 9.142 so that all procedures governing review of death penalty cases are located within one rule.
Rule 9.142(b) contains the new procedures governing petitions for review of nonfinal orders in death penalty postcon-viction proceedings. The new procedures provide that review proceedings under this subdivision are to be treated as original proceedings; require that the petition for review be filed with the' clerk of the Supreme Court within thirty days of rendition of the nonfinal order to be reviewed; allow either party to the death penalty postconviction proceeding to seek review; set forth the required contents of the petition; provide that the court may issue an order to show cause “if the petition demonstrates a preliminary basis for relief or a departure from the essential requirements of law that may cause material injury for which there is no adequate remedy by appeal”; permit a response to the petition only when ordered by the court; provide that a stay of proceedings is not automatic and allow the lower tribunal to proceed with all matters, except the entry of a final order, unless a stay is granted by this Court; and make clear that seeking review under this subdivision will not extend the time limitations under Florida Rule of Criminal Procedure 3.851 or 3.852.
We accordingly amend the Rules of Appellate Procedure as discussed above and as set forth in the appendix to this opinion.[3] New language is indicated by underscoring; deletions are indicated by struck-through type. The Committee Notes are offered for explanation only and are not adopted as an official part of the rules. The amendments shall become effective on January 1, 2003, at 12:01 a.m.
It is so ordered.
ANSTEAD, C.J., and SHAW, WELLS, PARIENTE, LEWIS, QUINCE, and CANTERO, JJ., concur.
APPENDIX
Rule 9.140. Appeal Proceedings in Criminal Cases
(a) Applicability. Appeal proceedings in criminal cases shall be as in civil cases except as modified by this rule.
(b) Appeals by Defendant.
(1) Appeals Permitted. A defendant may appeal
(A) a final judgment adjudicating guilt;
(B) a final order withholding adjudication after a finding of guilt;
(C) an order granting probation or community control, or both, whether or not guilt has been adjudicated;
(D) orders entered after final judgment or finding of guilt, including orders revoking or modifying probation or community control, or both, or orders denying relief under Florida Rule of Criminal Procedure 3.800(a), 3.850, or 3.853;
(E) an unlawful or illegal sentence;
(F) a sentence, if the appeal is required or permitted by general law; or
(G) as otherwise provided by general law.
(2) Guilty or Nolo Contendere Pleas.
(A) Pleas. A defendant may not appeal from a guilty or nolo contendere plea except as follows:
*913 (i) Reservation of Right to Appeal. A defendant who pleads guilty or nolo contendere may expressly reserve the right to appeal a prior dispositive order of the lower tribunal, identifying with particularity the point of law being reserved.
(ii) Appeals Otherwise Allowed. A defendant who pleads guilty or nolo contendere may otherwise directly appeal only
a. the lower tribunal’s lack of subject matter jurisdiction;
b. a violation of the plea agreement, if preserved by a motion to withdraw plea;
c. an involuntary plea, if preserved by a motion to withdraw plea;
d. a sentencing error, if preserved; or
e. as otherwise provided by law.
(B) Record.
(i) Except for appeals under subdivision (b)(2)(A) of this rule, the record for appeals involving a plea of guilty or nolo contendere shall be limited to:
a. all indictments, informations, affidavits of violation of probation or community control, and other charging documents;
b. the plea and sentencing hearing transcripts;
c. any written plea agreements;
d. any judgments, sentences, scoresheets, motions, and orders to correct or modify sentences, orders imposing, modifying, or revoking probation or community control, orders assessing costs, fees, fines, or restitution against the defendant, and any other documents relating to sentencing;
e. any motion to withdraw plea and order thereon;
f. notice of appeal, statement of judicial acts to be reviewed, directions to the clerk, and designation to the court reporter.
(ii) Upon good cause shown, the court, or the lower tribunal before the record is transmitted, may expand the record.
(3) Commencement. The defendant shall file the notice prescribed by rule 9.110(d) with the clerk of the lower tribunal at any time between the rendition of a final judgment and 30 days following rendition of a written order imposing sentence. Copies shall be served on the state attorney and attorney general.
(4) Cross-Appeal. A defendant may cross-appeal by serving a notice within 10 days of service of the state’s notice or service of an order on a motion pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). Review of cross-appeals before trial is limited to related issues resolved in the same order being appealed.
(5) Procedure in Death Penalty Appeals-.r
(A) When the notice-of appeal is filed in the supreme couN^ — the chief justice will direct the appropriate chief judge of the circuit court to monitor the preparation of the.complete record for--timely filing in the supreme-eourk
(B) After the record-is filed, the cler-k will promptly-establish a (briefing schedule allowing the defendant 60 days from the date the record is filed, the state 45 days from the- date the defendant’s brief is served, and the defendant 30 days from the date-the state’s brief is served)' to-serve-their respective briefs. — On appeals from orders ruling on applications for relief (under Florida Rule of Criminal Procedure -3.850 or 3.853), and on *914 resentencing--matters--the--schedules-set forth in subdivision (g) of this rule will een-trol- — In addition to filing paper copies of transcripts, the court reporter shall file with the clerk of the lower tribunal, on clearly labeled computer disks in a format approved by ifae-^s-u-preme court, sufficient copies of these transcripts for the clerk of the lower tribunal to include the dis-ks-in-the-record-transmitted-to the court and to the parties.
(-Q — I-f-an-y-brief-is-delinquent, an order to show cause may issue under-F-lor-ida — Rule-of—!Criminal-Procedure 3.840, and sanctions may be imposed.
(D) Oral argument will be scheduled after the filing of the defendant’s reply brief.
(E)-In-death penalty cases, all petitions for extraordinary relle-f-ever-which the supreme court has original jurisdiction, including petitions for writ of habe-as-eorpus, -shall-be filed simultaneously with the initial brief-in-the appeal from ■the lower tribunal’s order-on the defendant’s application for relief- under Florida — Rule-of Criminal Procedure 3.850.
(c) Appeals by the State.
(1)Appeals Permitted. The state may appeal an order
(A) dismissing an indictment or information or any count thereof or dismissing an affidavit charging the commission of a criminal offense, the violation of probation, the violation of community control, or the violation of any supervised correctional release;
(B) suppressing before trial confessions, admissions, or evidence obtained by search and seizure;
(C) granting a new trial;
(D) arresting judgment;
(E) granting a motion for judgment of acquittal after a jury verdict;
(F) discharging a defendant under Florida Rule of Criminal Procedure 3.191;
(G) discharging a prisoner on habeas corpus;
(H) finding a defendant incompetent or insane;
(I) granting relief under Florida Rule of Criminal Procedure 3.853;
(J) ruling on a question of law if a convicted defendant appeals the judgment of conviction;
(K) imposing an unlawful or illegal sentence or imposing a sentence outside the range permitted by the sentencing guidelines;
(L) imposing a sentence outside the range recommended by the sentencing guidelines;
(M) denying restitution; or
(N) as otherwise provided by general law for final orders.
(2) Non-final orders. The state as provided by general law may appeal to the circuit court non-final orders rendered in the county court.
(3) Commencement. The state shall file the notice prescribed by rule 9.110(d) with the clerk of the lower tribunal within 15 days of rendition of the order to be reviewed; provided that in an appeal by the state under rule 9.140(c)(l)(J), the state’s notice of cross-appeal shall be filed within 10 days of service of defendant’s notice or service of an order on a motion pursuant to rule 3.800(b)(2). Copies shall be served on the defendant and the attorney of record. An appeal by the state shall stay further proceedings in the lower tribunal only by order of the lower tribunal.
*915 (d) Withdrawal of Defense Counsel after Judgment and Sentence or After Appeal by State.
(1) The attorney of record for a defendant in a criminal proceeding shall not be relieved of any professional duties, or be permitted to withdraw as defense counsel of record, except with approval of the lower tribunal on good cause shown on written motion, until either the time has expired for filing an authorized notice of appeal and no such notice has been filed by the defendant or the state, or after the following have been completed:
(A) a notice of appeal or cross-appeal has been filed on behalf of the defendant or the state;
(B) a statement of judicial acts to be reviewed has been filed if a transcript will require the expenditure of public funds;
(C) the defendant’s directions to the clerk have been filed, if necessary;
(D) designations to the court reporter have been filed for transcripts of those portions of the proceedings necessary to support the issues on appeal or, if transcripts will require the expenditure of public funds for the defendant, of those portions of the proceedings necessary to support the statement of judicial acts to be reviewed; and
(E) in publicly funded defense and state appeals, the lower tribunal has appointed the public defender for the local circuit court, who shall initially remain counsel for the appeal until the record is transmitted to the appellate court. In publicly funded state appeals, defense counsel shall additionally file in the appellate court a copy of the order appointing the local public defender. In non-publicly funded defense and state appeals, retained appellate counsel shall file a notice of appearance in the appellate court, or defense counsel of record shall file a motion to withdraw in the appellate court, with service on the defendant, that states what the defendant’s legal representation on appeal, if any, is expected to be. Documents filed in the appellate court shall be served on the attorney general (or state attorney in appeals to the circuit court).
(2) Orders allowing withdrawal of counsel are conditional and counsel shall remain of record for the limited purpose of representing the defendant in the lower tribunal regarding any sentencing error the lower tribunal is authorized to address during the pendency of the direct appeal pursuant to Florida Rule of Criminal Procedure 3.800(b)(2).
(e) Sentencing Errors. A sentencing error may not be raised on appeal unless the alleged error has first been brought to the attention of the lower tribunal:
(1) at the time of sentencing; or
(2) by motion pursuant to Florida Rule of Criminal Procedure 3.800(b).
(O Record.
(1) Service. The clerk of the lower tribunal shall prepare and serve the record prescribed by rule 9.200 within 50 days of the filing of the notice of appeal.
(2) Transcripts.
(A) If a defendant’s designation of a transcript of proceedings requires expenditure of public funds, trial counsel for the defendant (in conjunction with appellate counsel, if possible) shall serve, within 10 days of filing the notice, a statement of judicial acts to be reviewed, and a designation to the court reporter requiring preparation of only so much of the proceedings as fairly supports the issue raised.
(B) Either party may file motions in the lower tribunal to reduce or expand the transcripts.
*916 (C) Except as permitted in subdivision (f)(2)(D) of this rule, the parties shall designate the court reporter to file with the clerk of the lower tribunal the original transcripts for the court and sufficient copies for the state and all indigent defendants.
(D) Non-indigent defendants represented by counsel may designate the court reporter to prepare only original transcripts. Counsel adopting this procedure shall, within 5 days of receipt of the original transcripts from the court reporter, file the original transcripts along with securely bound copies for the state and all defendants. Counsel shall serve notice of the use of this procedure on the attorney general (or the state attorney in appeals to circuit court) and the clerk of the lower tribunal. Counsel shall attach a certificate to each copy certifying that it is an accurate and complete copy of the original transcript. When this procedure is used, the clerk of the lower tribunal upon conclusion of the appeal shall retain the original transcript for use as needed by the state in any collateral proceedings and shall not destroy the transcripts without the consent of the Office of the Attorney General.
(E) In state appeals, the state shall designate the court reporter to prepare and file with the clerk of the lower tribunal the original transcripts and sufficient copies for all separately represented defendants. Alternatively, the state may elect to use the procedure specified in subdivision (f)(2)(D) of this rule.
(F) The lower tribunal may by administrative order in publicly-funded cases direct the clerk of the lower tribunal rather than the court reporter to prepare the necessary copies of the original transcripts.
(3) Retention of Documents. Unless otherwise ordered by the court, the clerk of the lower tribunal shall retain all original documents except the original transcripts designated for appeal which shall be included in the record transmitted to the court.
(4) Service of Copies. The clerk of the lower tribunal shall serve copies of the record to the court, attorney general (or state attorney in appeals to circuit court), and all counsel appointed to represent indigent defendants on appeal. The clerk of the lower tribunal shall simultaneously serve copies of the index to all non-indigent defendants and, upon their request, copies of the record or portions thereof at the cost prescribed by law.
(5) Return of Record. Except in death penalty cases, the court shall return the record to the lower tribunal after final disposition of the appeal.
(6) Supplemental Record for Motion to Correct Sentencing Error Pursuant to Florida Rule of Criminal Procedure 3.800(b)(2).
(A) The clerk of circuit court shall automatically supplement the appellate record with any motion pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), any response, any resulting order, and any amended sentence. The clerk shall transmit the supplement to the appellate court within 5 days of the filing of the order ruling on the motion. If an order is not filed within 60 days from the filing of the motion, this time shall run from the expiration of the 60 day period, and the clerk shall supplement the record with the motion and a statement that no order was timely filed.
(B) If any appellate counsel determines that a transcript of proceeding relating to such a motion is required to review the sentencing issue, appellate counsel shall, within 5 days from the *917 transmittal of the supplement described in subdivision (A), designate those portions of the proceedings not on file deemed necessary for transcription and inclusion in the record. A copy of the designation shall be filed with the appellate court. The procedure for this supplementation shall be in accordance with this subdivision, except that counsel is not required to file a revised statement of judicial acts to be reviewed, the court reporter shall deliver the transcript within 15 days, and the clerk shall supplement the record with the transcript within 5 days of its receipt.
(g) Briefs. Initial briefs shall be served within 30 days of service of the record or designation of appointed counsel, whichever is later. Additional briefs shall be served as prescribed by rule 9.120.
(h) Post-Trial Release.
(1) Appeal by Defendant The lower tribunal may hear a motion for post-trial release pending appeal before or after a notice is filed; provided that the defendant may not be released from custody until the notice is filed.
(2) Appeal by State. An incarcerated defendant charged with a bailable offense shall on motion be released on the defendant’s own recognizance pending an appeal by the state, unless the lower tribunal for good cause stated in an order determines otherwise.
(3) Denial of Post-Trial Release. All orders denying post-trial release shall set forth the factual basis on which the decision was made and the reasons therefor.
(4) Remeiv. Review of an order relating to post-trial release shall be by the court on motion.
(i)Scope of Review. The court shall review all rulings and orders appearing in the record necessary to pass upon the grounds of an appeal. In the interest of 'justice, the court may grant any relief to which any party is entitled. In death penalty cases, the court shall-review the evidence to determine if the interest of justice requires a new trial-,-whether or not insufficiency of the evidence-is-a-n issue presented for reviewr
Committee Notes
1977 Amendment. This rule represents a substantial revision of the procedure in criminal appeals.
Subdivision (a) makes clear the policy of these rules that procedures be standardized to the maximum extent possible. Criminal appeals are to be governed by the same rules as other cases, except for those matters unique to criminal law that áre identified and controlled by this rule.
Subdivision (b)(1) lists the only matters that may be appealed by a criminal defendant, and it is intended to supersede all other rules of practice and procedure. This rule has no effect on either the availability of extraordinary writs otherwise within the jurisdiction of the court to grant, or the supreme court’s jurisdiction to entertain petitions for the constitutional writ of certiorari to review interlocutory orders. This rule also incorporates the holding in State v. Ashby, 245 So.2d 225 (Fla.1971), and is intended to make clear that the reservation of the right to appeal a judgment based on the plea of no contest must be express and must identify the particular point of law being reserved; any issues not expressly reserved are waived. No direct appeal of a judgment based on a guilty plea is allowed. It was not intended that this rule affect the substantive law governing collateral review.
*918 Subdivision (b)(2) replaces former rule 6.2. Specific reference is made to rule 9.110(d) to emphasize that criminal appeals are to be prosecuted in substantially the same manner as other cases. Copies of the notice, however, must be served on both the state attorney and the attorney general. The time for taking an appeal has been made to run from the date judgment is rendered to 30 days after an order imposing sentence is rendered or otherwise reduced to writing. The former rule provided for appeal within 30 days of rendition of judgment or within 30 days of entry of sentence. The advisory committee debated the intent of the literal language of the former rule. Arguably, under the former rule an appeal could not be taken by a defendant during the “gap period” that occurs when sentencing is postponed more than 30 days after entry of judgment. The advisory committee concluded that no purpose was served by such an interpretation because the full case would be reviewable when the “gap” closed. This modification of the former rule promotes the policies underlying Williams v. State, 324 So.2d 74 (Fla.1975), in which it was held that a notice of appeal prematurely filed should not be dismissed, but held in abeyance until it becomes effective. This rule does not specifically address the issue of whether full review is available if resentencing occurs on order of a court in a collateral proceeding. Such cases should be resolved in accordance with the underlying policies of these rules. Compare Wade v. State, 222 So.2d 434 (Fla. 2d DCA 1969), with Neary v. State, 285 So.2d 47 (Fla. 4th DCA 1973). If a defendant appeals a judgment of conviction of a capital offense before sentencing and sentencing is anticipated, the district court of appeal (as the court then with jurisdiction) should hold the case in abeyance until the sentence has been imposed. If the death penalty is imposed, the district court of appeal should transfer the case to the supreme court for review. See § 921.141(4), Fla. Stat. (1975); Fla. R.App. P. 9.040(b).
Subdivision (b)(3) governs the service of briefs. Filing should be made in accordance with rule 9.420.
Subdivision (c)(1) lists the only matters that may be appealed by the state, but it is not intended to affect the jurisdiction of the supreme court to entertain by certiora-ri interlocutory appeals governed by rule 9.100, or the jurisdiction of circuit courts to entertain interlocutory appeals of pretrial orders from the county courts. See State v. Smith, 260 So.2d 489 (Fla.1972). No provision of this rule is intended to conflict with a defendant’s constitutional right not to be placed twice in jeopardy, and it should be interpreted accordingly. If there is an appeal under item (A), a motion for a stay of the lower tribunal proceeding should be liberally granted in cases in which there appears to be a substantial possibility that trial of any non-dismissed charges would bar prosecution of the dismissed charges if the dismissal were reversed, such as in cases involving the so-called “single transaction rule.” Item (E) refers to the popularly known “speedy trial rule,” and items (F), (G), and (H) track the balance of state appellate rights in section 924.07, Florida Statutes (1975).
Subdivision (c)(2) parallels subdivision (b)(2) regarding appeals by defendants except that a maximum of 15 days is allowed for filing the notice. An appeal by the state stays further proceedings in the lower tribunal only if an order has been entered by the trial court.
Subdivision (c)(3) governs the service of briefs.
Subdivision (d) applies rule 9.200 to criminal appeals and sets forth the time *919 for preparation and service of the record, and additional matters peculiar to criminal cases. It has been made mandatory that the original record be held by the lower tribunal to avoid loss and destruction of original papers while in transit. To meet the needs of appellate counsel for indigents, provision has been made for automatic transmittal of a copy of the record to the public defender appointed to represent an indigent defendant on appeal, which in any particular case may be the public defender either in the judicial circuit where the trial took place or in the judicial circuit wherein the appellate court is located. See § 27.51(4), Fla. Stat. (1975). Counsel for a non-indigent defendant may obtain a copy of the record at the cost prescribed by law. At the present time, section 28.24(13), Florida Statutes (1975), as amended by chapter 77-284, § 1, Laws of Florida, prescribes a cost of $1 per page.
To conserve the public treasury, appeals by indigent defendants, and other criminal defendants in cases in which a free transcript is provided, have been specially treated. Only the essential portions of the transcript are to be prepared. The appellant must file a statement of the judicial acts to be reviewed on appeal and the parties are to file and serve designations of the relevant portions of the record. (This procedure emphasizes the obligation of trial counsel to cooperate with appellate counsel, if the two are different, in identifying alleged trial errors.) The statement is necessary to afford the appellee an opportunity to make a reasonable determination of the portions of the record required. The statement should be sufficiently definite to enable the opposing party to make that determination, but greater specificity is unnecessary. The statement of judicial acts contemplated by this rule is not intended to be the equivalent of assignments of error under former rule 3.5. Therefore, an error or inadequacy in the statement should not be relevant to the disposition of any case. In such circumstances, the appropriate procedure would be to supplement the record under rule 9.200(f) to cure any potential or actual prejudice. Either party may move in the lower tribunal to strike unnecessary portions before they are prepared or to expand the transcript. The ruling of the lower tribunal on such motion is renewable by motion to the court under rule 9.200(f) if a party asserts additional portions are required.
Subdivision (e) replaces former rule 6.15. Subdivision (e)(1) governs if an appeal is taken by a defendant and permits a motion to grant post-trial release pending appeal to be heard although a notice of appeal has not yet been filed. The lower tribunal may then grant the motion effective on the notice being filed. This rule is intended to eliminate practical difficulties that on occasion have frustrated the cause of justice, as in cases in which a defendant’s attorney has not prepared a notice of appeal in advance of judgment. Consideration of such motions shall be in accordance with section 903.132, Florida Statutes (Supp. 1976), and Florida Rule of Criminal Procedure 3.691. This rule does not apply if the judgment is based on a guilty plea because no right to appeal such a conviction is recognized by these rules.
Subdivision (e)(2) governs if the state takes an appeal and authorizes release of the defendant without bond, if charged with a bailable offense, unless the lower tribunal for good cause orders otherwise. The “good cause” standard was adopted to ensure that bond be required only in rare circumstances. The advisory committee was of the view that because the state generally will not be able to gain a conviction unless it prevails, the presumed innocent defendant should not be required to *920 undergo incarceration without strong reasons, especially if a pre-trial appeal is involved. “Good cause” therefore includes such factors as the likelihood of success on appeal and the likelihood the defendant will leave the jurisdiction in light of the current status of the charges against the defendant.
Subdivision (e)(3) retains the substance of former rules 6.15(b) and (c). The lower tribunal’s order must contain a statement of facts as well as the reasons for the action taken, in accordance with Younghans v. State, 90 So.2d 308 (Fla.1956).
Subdivision (e)(4) allows review only by motion so that no order regarding post-trial relief is reviewable unless jurisdiction has been vested in the court by the filing of a notice of appeal. It is intended that the amount of bail be reviewable for exces-siveness.
Subdivision (f) interacts with rule 9.110(h) to allow review of multiple judgments and sentences in 1 proceeding.
Subdivision (g) sets forth the procedure to be followed if there is a summary denial without hearing of a motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850. This rale does not limit the right to appeal a denial of such a motion after hearing under rule 9.140(b)(1)(C).
1980 Amendment. Although the substance of this rule has not been changed, the practitioner should note that references in the 1977 committee notes to supreme court jurisdiction to review non-final orders that would have been appeal-able if they had been final orders are obsolete because jurisdiction to review those orders no longer reposes in the supreme court.
1984 Amendment. Subdivision (b)(4) was added to give effect to the administrative order entered by the supreme court on May 6, 1981 (6 Fla. L. Weekly 336), which recognized that the procedures set forth in the rales for criminal appeals were inappropriate for capital cases.
1992 Amendment. Subdivision (b)(3) was amended to provide that, in cases in which public funds would be used to prepare the record on appeal, the attorney of record would not be allowed to withdraw until substitute counsel has been obtained or appointed.
Subdivision (g) was amended to provide a specific procedure to be followed by the courts in considering appeals from summary denial of Florida Rule of Criminal Procedure 3.800(a) motions. Because such motions are in many respects comparable to Florida Rule of Criminal Procedure 3.850 motions, it was decided to use the available format already created by existing subdivision (g) of this rule. Because a Florida Rule of Criminal Procedure 3.800(a) motion does not have the same detailed requirements as does a Florida Rule of Criminal Procedure 3.850 motion, this subdivision also was amended to require the transmittal of any attachments to the motions in the lower court.
1996 Amendment. The 1996 amendments are intended to consolidate and clarify the rules to reflect current law unless otherwise specified.
Rule 9.140(b)(2)(B) was added to accurately reflect the limited right of direct appeal after a plea of guilty or nolo conten-dere. See Robinson v. State, 373 So.2d 898 (Fla.1979), and Counts v. State, 376 So.2d 59 (Fla. 2d DCA 1979).
New subdivision (b)(4) reflects Lopez v. State, 638 So.2d 931 (Fla.1994). A defendant may cross-appeal as provided, but if the defendant chooses not to do so, the defendant retains the right to raise any properly preserved issue on plenary ap *921 peal. It is the committee’s intention that the 10-day period for filing notice of the cross-appeal should be interpreted in the same manner as in civil cases under rule 9.110(g).
Rule 9.140(b)(6)(E) adopts Florida Rule of Criminal Procedure 3.851(b)(2) and is intended to supersede that rule. See Fla. R. Jud. Admin. 2.135. The rule also makes clear that the time periods in rule 9.140(j) do not apply to death penalty cases.
The revised rules 9.140(e)(2)(D) and 9.140(e)(2)(E) are intended to supersede Brown v. State, 639 So.2d 634 (Fla. 5th DCA 1994), and allow non-indigent defendants represented by counsel, and the state, to order just the original transcript from the court reporter and to make copies. However, the original and copies for all other parties must then be served on the clerk of the lower tribunal for inclusion in the record. The revised rule 9.140(e)(2)(F) also allows chief judges for each circuit to promulgate an administrative order requiring the lower tribunal clerk’s office to make copies of the transcript when the defendant is indigent. In the absence of such an administrative order, the court reporter will furnish an original and copies for all parties in indigent appeals.
Rule 9.140(j)(3) imposes a two-year time limit on proceedings to obtain delayed appellate review based on either the ineffectiveness of counsel on a prior appeal or the failure to timely initiate an appeal by appointed counsel. The former was previously applied for by a petition for writ of habeas corpus in the appellate court and the latter by motion pursuant to Florida Rule of Criminal Procedure 3.850 in the trial court. Because both of these remedies did not require a filing fee, it is contemplated that no fee will be required for the filing of petitions under this rule. Subdivision (j)(3)(B) allows two years “after the conviction becomes final.” For purposes of the subdivision a conviction becomes final after issuance of the mandate or other final process of the highest court to which direct review is taken, including review in the Florida Supreme Court and United States Supreme Court. Any collateral review shall not stay the time period under this subdivision. Subdivision (j)(3)(C) under this rule makes clear that defendants who were convicted before the effective date of the rule will not have their rights retroactively extinguished but will be subject to the time limits as calculated from the effective date of the rule unless the time has already commenced to run under rule 3.850.
Rule 9.140(j)(5) was added to provide a uniform procedure for requesting belated appeal and to supersede State v. District Court of Appeal of Florida, First District, 569 So.2d 439 (Fla.1990). This decision resulted in there being two procedures for requesting belated appeal: Florida Rule of Criminal Procedure 3.850 when the criminal appeal was frustrated by ineffective assistance of trial counsel, id.; and habeas corpus for everything else. See Scalf v. Singletary, 589 So.2d 986 (Fla. 2d DCA 1991). Experience showed that filing in the appellate court was more efficient. This rale is intended to reinstate the procedure as it existed prior to State v. District Court of Appeal, First District. See Baggett v. Wainwright, 229 So.2d 239 (Fla.1969); State v. Meyer, 430 So.2d 440 (Fla.1983).
In the rare case where entitlement to belated appeal depends on a determination of disputed facts, the appellate court may appoint a commissioner to make a report and recommendation.
2000 Amendment. Subdivision (b)(1)(B) was added to reflect the holding of State v. *922 Schultz, 720 So.2d 247 (Fla.1998). The amendment to renumber subdivision (b)(i)(D), regarding appeals from orders denying relief under Florida Rules of Criminal, Procedure 3.800(a) or 3.850, reflects current practice.
The committee added language to subdivision (b)(6)(B) to require court reporters to file transcripts on computer disks in death penalty cases. Death penalty transcripts typically are lengthy, and many persons review and use them over the years. In these cases, filing lengthy transcripts on computer disks makes them easier to use for all parties and increases their longevity.
The committee deleted the last sentence of subdivision (b)(6)(E) because its substance is now included in rule 9.141(a). The committee also amended and transferred subdivisions (i) and (j) to rule 9.141 for the reasons specified in the committee note for that rule.
COURT COMMENTARY
1996. Rule 9.140 was substantially rewritten so as to harmonize with the Criminal Appeal Reform Act of 1996 (CS/HB 211). The reference to unlawful sentences in rule 9.140(b)(1)(D) and (e)(l)(J) means those sentences not meeting the definition of illegal under Davis v. State, 661 So.2d 1193 (Fla.1995), but, ¡nevertheless, subject to correction on direct appeal.
Rule 9.142. Procedures for Review in Death Penalty Cases
(a) Procedure in Death Penalty Appeals.
(1)Record. When the notice of appeal is filed in the supreme court, the chief justice will direct the appropriate chief judge of the circuit court to monitor the preparation of the complete record for timely filing in the supreme court.
(2) Briefs; Transcripts. After the,,-^ record is filed, the clerk will prompt)^ establish a briefing schedule allowing/£he defendant 60 days from the date the record is filed, the state 45 days from Jt£e date the defendant’s brief is served/ and the defendant 30 days from the date the state’s brief is- served to serve their respective briefs. On appeals from orders ruling on applications for relief under Florida Rule of Criminal Procedure 3.851 or 3.853, and on resentencing matters, the schedules set forth in rule 9.140(f) will control. In addition to filing paper copies of transcripts, the court reporter shall file with the cle;rk of the lower tribunal, on clearly labeled computer disks in a format approved by the supreme court, sufficient copies of these transcripts for the clerk of the lower tribunal to include the disks in the, record transmitted to the court and to the parties.
(3) Sanctions. If any brief is delinquent, an order to show cause may issue under Florida Rule of Criminal Procedure 3.840, and sanctions may be imposed.
(4) Oral Argument. Oral argument will be scheduled after the filing of the defendant’s reply brief.
(5) Petitions for Extraordinary Relief. In death penalty cases, all petitions for extraordinary relief over which the supreme court has original jurisdiction, including petitions for writ of habeas corpus, shall be filed simultaneously with the initial brief in the appeal from the lower tribunal’s order on the, defendant’s application for relief under Florida Rule of Criminal Procedure 3.851. \
(b) Petition Seeking Review of Nonfi-nal Orders in Death Penalty Postconviction Proceedings. \
(1) Applicability. This rule applies to proceedings that invoke the jurisdiction of the supreme court for review of nonfinal Schultz, 720 So.2d 247 (Fla.1998). The amendment to renumber subdivision (b)(1)(D), regarding appeals from orders denying relief under Florida Rules of Criminal Procedure 3.800(a) or 3.850, reflects current practice.
The committee added language to subdivision (b)(6)(B) to require court reporters to file transcripts on computer disks in death penalty cases. Death penalty transcripts typically are lengthy, and many persons review and use them over the years. In these cases, filing lengthy transcripts on computer disks makes them easier to use for all parties and increases their longevity.
The committee deleted the last sentence of subdivision (b)(6)(E) because its substance is now included in rule 9.141(a). The committee also amended and transferred subdivisions (i) and (j) to rule 9.141 for the reasons specified in the committee note for that rule.
COURT COMMENTARY
1996. Rule 9.140 was substantially rewritten so as to harmonize with the Criminal Appeal Reform Act of 1996 (CS/HB 211). The reference to unlawful sentences in rule 9.140(b)(1)(D) and (c)(l)(J) means those sentences not meeting the definition of illegal under Davis v. State, 661 So.2d 1193 (Fla.1995), but, nevertheless, subject to correction on direct appeal.
Rule 9.142. Procedures for Review in Death Penalty Cases
(a) Procedure in Death Penalty Appeals.
(1) Record, When the notice of appeal is filed in the supreme court, the chief justice will direct the appropriate chief judge of the circuit court to monitor the preparation of the complete record for timely filing in the supreme court.
(2) Briefs; Transcripts. After the record is filed, the clerk will promptly establish a briefing schedule allowing the defendant 60 days from the date the record is filed, the state 45 days from the date the defendant’s brief is served, and the defendant 30 days from the date the state’s brief is served to serve their respective briefs. On appeals from orders ruling on applications for relief under Florida Rule of Criminal Procedure 3.851 or 3.853, and on resentencing matters, the schedules set forth in rule 9.140(g) will control. In addition to filing paper copies of transcripts, the court reporter shall file with the clerk of the lower tribunal, on clearly labeled computer disks in a format approved by the supreme court, sufficient copies of these transcripts for the clerk of the lower tribunal to include the disks in the record transmitted to the court and to the parties.
(3) Sanctions. If any brief is delinquent, an order to show cause may issue under Florida Rule of Criminal Procedure 3.840, and sanctions may be imposed.
(4) Oral Argument Oral argument will be scheduled after the filing of the defendant's reply brief.
(5) Petitions for Extraordinary Relief. In death penalty cases, all petitions for extraordinary relief over which the supreme court has original jurisdiction, including petitions for writ of habeas corpus, shall be filed simultaneously with the initial brief in the appeal from the lower tribunal’s order on the defendant’s application for relief under Florida Rule of Criminal Procedure 3.851.
(6)Scope of Review. In death penalty cases, the court shall review the evidence to determine if the interest of justice requires a new trial, whether or not insufficiency of the evidence is an issue presented for review.
(b) Petition Seeking Review of Nonfi-nal Orders in Death Penalty Postconviction Proceedings.
(1) Applicability. This rule applies to proceedings that invoke the jurisdiction of the supreme court for review of nonfinal *923 orders issued in postconviction proceedings following the imposition of the death penalty.
(2) Treatment as Original Proceedings. Review proceedings under this subdivision shall be treated as original proceedings under rule 9.100 unless modified by this subdivision.
(3) Commencement; Parties.
(A) Jurisdiction of the supreme court shall be invoked by filing a petition with the clerk of the supreme court within 30 days of rendition of the nonfinal order to be reviewed. A copy of the petition shall be served on the opposing party and furnished to the judge who issued the order to be reviewed.
(B) Either party to the death penalty postconviction proceedings may seek review under this rule.
(4) Contents. The petition shall be in the form prescribed by rule 9.100, and shall contain
(A) the basis for invoking the .jurisdiction of the court;
(B) the date and nature of the order sought to be reviewed;
(C) the name of the lower tribunal rendering the order;
(D) the name, disposition, and dates of all previous trial, appellate, and post-conviction proceedings relating to the conviction and death sentence that are the subject of the proceedings in which the order sought to be reviewed was entered;
(E) the facts on which the petitioner relies, with references to the appropriate pages of the supporting appendix;
(F) argument in support of the petition, including an explanation of why the order departs from the essential requirements of law and how the order may cause material injury for which there is no adequate remedy on appeal, and appropriate citations of authority; and
(G)the nature of the relief sought.
(5) Appendix. The petition shall be accompanied by an appendix, as prescribed by rule 9.220, which shall contain the portions of the record necessary for a determination of the issues presented.
(6) Order to Show Cause. If the petition demonstrates a preliminary basis for relief or a departure from the essential requirements of law that may cause material injury for which there is no adequate remedy by appeal, the court may issue an order directing the respondent to show cause, within the time set by the court, why relief should not be granted.
(7) Response. No response shall be permitted unless ordered by the court.
(8) Reply. Within 20 days after service of the response or such other time set by the court, the petitioner may serve a reply, which shall not exceed 15 pages in length, and supplemental appendix.
(9) Stay.
(A) A stay of proceedings under this rule is not automatic; the party seeking a stay must petition the supreme court for a stay of proceedings.
(B) During the pendency of a review of a nonfinal order, unless a stay is granted by the supreme court, the lower tribunal may proceed with all matters, except that the lower tribunal may not render a final order disposing of the cause pending review of the nonfinal order.
(10) Other pleadings. The parties shall not file any other pleadings, motions, replies, or miscellaneous papers without leave of court.
*924 (11) Time Limitations. Seeking review under this rule shall not extend the time limitations in rule 3.851 or 3.852.

. We have jurisdiction. See art. V, § 2(a), Fla. Const.

. These subdivisions were recently renumbered from (b)(6) to (b)(5) and from (h) to (i) due to amendments adopted in Amendments to Florida Rules of Appellate Procedure, 827 So.2d 888 (Fla.2002), which will become effective on January 1, 2003.

. The appendix reflects the rules as amended by this Court in Amendments to Florida Rules of Appellate Procedure, 827 So.2d 888 (Fla.2002). As previously stated, these amendments become effective on January 1, 2003.