814 So.2d 1121 (2002)
James FORD, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-1996.
District Court of Appeal of Florida, Fourth District.
April 3, 2002.
*1122 Carey Haughwout, Public Defender, and Jennifer Brooks, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Laura Fisher Zibura, Assistant Attorney General, West Palm Beach, for appellee.
FARMER, J.
We reject all issues raised by Ford in connection with his conviction on multiple counts involving lewd or lascivious acts and indecent exposure. Thus we turn our attention to his contention that he could not be deemed a habitual felony offender (HFO) because the predicate convictions were all imposed on the same day.
Section 775.084(5) provides:
"In order to be counted as a prior felony for purposes of sentencing under this section, the felony must have resulted in a conviction sentenced separately prior to the current offense and sentenced separately from any other felony conviction that is to be counted as a prior felony."
Hence it was necessary for the state to show that the multiple convictions used to sentence defendant as a HFO were truly sequential convictions. In Bover v. State, 797 So.2d 1246 (Fla.2001), the court held that the sequential conviction requirement in section 775.084(5) cannot be met by multiple convictions imposed on the same day unless they result from separate sentencing proceedings.
In this case the record reflects that Ford was previously convicted of robbery, robbery with a fire arm, and second degree murder but that there were two different dates of adjudication. The certified copies of the convictions showed that the strong arm robbery conviction was May 1989 and that the second degree murder and robbery convictions occurred February 1990. The record also reflects that Ford was already on probation for strong arm robbery when he was sentenced for the second degree murder and robbery convictions. It further shows that he was also sentenced for strong arm robbery on the same day that he was sentenced on the second degree murder and robbery convictions. We are unable to discern from this record whether all the predicate convictions are truly sequential as resulting from separate sentencing proceedings.
We therefore reverse the HFO sentence and remand for resentencing in order to allow the court to determine whether Ford was previously convicted for sequential and separate offenses even though sentencing appears to have been done on the same day. We affirm on all other issues relating to his new convictions and the sentences imposed.
HAZOURI, J. and DELL, JOHN W., Senior Judge, concur.