862 So.2d 807 (2003)
Michael McCALL, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-1225.
District Court of Appeal of Florida, Second District.
December 3, 2003.
Rehearing Denied January 8, 2004.
DAVIS, Judge.
Michael McCall challenges the summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). On March 27, 1996, McCall was found guilty by a jury of burglary of a dwelling and resisting arrest without violence. On October 10, 1996, the trial court determined that McCall met the habitual felony offender criteria and imposed a habitual felony offender sentence of fifteen years in prison followed by fifteen years of probation.
McCall subsequently filed a motion to correct illegal sentence in which he claimed that his habitual felony offender sentence was illegal because he lacked the necessary predicate offenses for such a *808 sentence. To establish McCall as a habitual felony offender, the State relied on prior convictions in case numbers 91-2765, 91-3206, and 91-3236. The record shows that McCall was placed on probation in case number 91-2765 on September 16, 1991. McCall was convicted in case numbers 91-3206 and 91-3236 on May 6, 1992. On that same day, the court found McCall in violation of probation in case number 91-2765.
In his motion, McCall claimed that he was sentenced in case number 91-2765 for the first time after the finding of a violation of probation. Thus the sentences for the predicate convictions used to classify McCall as a habitual felony offender were entered on the same day, and his habitual sentence violated the sequential convictions requirement of section 775.084(5), Florida Statutes (2002). McCall's claim is based on the assertion that probation is not a sentence for purposes of section 775.084. See Richardson v. State, 28 Fla. L. Weekly D1716, ___ So.2d ___, 2003 WL 21697171 (Fla. 4th DCA July 23, 2003). We disagree.
When it enacted the habitual felony offender statute, the legislature intended that once a defendant had twice been convicted with sanctions the third conviction would be enhanced. We find that a sentence, as referred to in section 775.084, includes the sanction of probation. Therefore, we affirm the order of the trial court and, accordingly, certify conflict with Richardson, ___ So.2d ___, 28 Fla. L. Weekly D1716.
Affirmed; conflict certified.
ALTENBERND, C.J., and SILBERMAN, J., Concur.