862 So.2d 871 (2003)
William E. TEAL, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-1446.
District Court of Appeal of Florida, Second District.
December 17, 2003.
Rehearing Denied January 14, 2004.
*872 SILBERMAN, Judge.
William E. Teal challenges the summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). He argues that he did not qualify for a habitual felony offender sentence because he did not have the necessary predicate convictions. As explained below, we disagree and affirm the sentence. Regarding Teal's claims that the judgment and sentence did not conform to the oral pronouncement and that the sentencing court erred in using a revised scoresheet, we affirm without discussion.
In 1992, in trial court case number 91-20507, Teal was adjudicated guilty of robbery and placed on two years of community control followed by two years of probation. He later pleaded guilty to a violation of probation and was sentenced to thirty months in prison. After he filed a petition for reconsideration of sentence, Teal's sentence was vacated and he was again placed on two years of community control followed by two years of probation. He later violated his community control and was sentenced to 5.5 years of imprisonment.
In the present case, in January 1997 Teal was sentenced as a habitual felony offender to 22.5 years in prison consecutive to his sentence of 5.5 years in case number 91-20507. Teal subsequently filed a motion to correct illegal sentence alleging that he lacked the necessary predicate offenses for the habitual felony offender sentence. The State relied on Teal's 1992 conviction in case number 91-20507, together with a 1991 conviction for kidnapping, as the two predicate convictions for habitualization.
In his motion, Teal claimed that it was improper to use the conviction in case number 91-20507 as a predicate conviction because the trial court originally placed him on community control. He contended that placement on community control was not a sentence; instead, he asserted that he received a sentence in case number 91-20507 only after the trial court found him guilty of violating his community control and imposed the sentence of 5.5 years in prison. Teal further argued that because the prison sentence in case number 91-20507 was imposed on the same day that he was convicted and habitualized in the present case, the conviction in case number 91-20507 was not a proper predicate for habitualization pursuant to section 775.084(5), Florida Statutes (2002). We disagree.
As this court stated in McCall v. State, No. 2D03-1225, 862 So.2d 807, 2003 WL 22849397 (Fla. 2d DCA Dec.3, 2003), "[w]hen it enacted the habitual felony offender statute, the legislature intended that once a defendant had twice been convicted with sanctions the third conviction would be enhanced. We find that a sentence, as referred to in section 775.084, includes the sanction of probation." We conclude that the same analysis applies to a sanction of community control, and therefore, Teal's 1992 conviction and placement on community control in case number 91-20507 could properly serve as a predicate conviction for habitualization in the present case.
*873 Accordingly, we affirm the order of the trial court and, as we did in McCall, certify conflict with Richardson v. State, 28 Fla. L. Weekly D1716, ___ So.2d ___, 2003 WL 21697171 (Fla. 4th DCA July 23, 2003).
Affirmed; conflict certified.
ALTENBERND, C.J., and DAVIS, J., Concur.