884 So.2d 950 (2004)
Erick RICHARDSON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-4985.
District Court of Appeal of Florida, Fourth District.
July 23, 2003.
Opinion Granting Rehearing in Part January 14, 2004.
*951 Erick Richardson, Raiford, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Daniel P. Hyndman, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Erick Richardson appeals the summary denial of his motion for postconviction relief, which raised three claims. Richardson was convicted of robbery and sentenced as a habitual felony offender to twenty years in prison. Richardson's claim that the predicate convictions used to declare him a habitual felony offender were not sequential has merit. We reverse.
To establish Richardson as a habitual felony offender, the State relied on prior convictions in case number 93-4322, for possession of cocaine, and 93-15462, for grand theft. The record shows that, although a conviction in the possession case was entered on April 14, 1993, sentencing was stayed and withheld, and Richardson was placed on probation. Richardson was convicted on the grand theft charge on September 23, 1993. On that same day, the court found Richardson in violation of probation on the possession case and sentences were entered on both charges.
The sequential conviction requirement found in the habitual offender statute requires that prior felonies must have "resulted in a conviction sentenced separately prior to the current offense and sentenced separately from any other felony conviction that is to be counted as a prior felony." § 775.084(5), Fla. Stat. (2002)(emphasis added). The supreme court, in Bover v. State, 797 So.2d 1246, 1250 (Fla.2001), reviewed the sequential conviction requirement and held that:
The habitual offender statute, section 775.084(5), specifically provides that the court must have imposed sentence for the two prior convictions separately from each other. Thus, although the sentencing for separate convictions arising out of unrelated crimes can take place on the same day, the sentences cannot be part of the same sentencing proceeding.
Thus, a more accurate term for the requirement would be the sequential sentencing proceeding requirement.
In this case, the State argues that Richardson was originally "sentenced to probation" on the possession charge and subsequently "resentenced" after a finding that probation had been violated. This argument is expressly contrary to the law.
A sentence and probation are distinct concepts. See Landeverde v. State, 769 So.2d 457, 462 (Fla. 4th DCA 2000). When a defendant is placed on probation, the court must stay and withhold the imposition of sentence regardless of whether adjudication of guilt is withheld. See § 948.01(2), Fla. Stat.; Fla. R.Crim. P. 3.790(a). Richardson was sentenced on the possession charge for the first time after the finding of a violation of probation. See, e.g., Williams v. State, 566 So.2d 299, 302 (Fla. 1st DCA 1990). Thus, the sentences *952 for the predicate convictions used to classify Richardson as a habitual felony offender were entered on the same day. If entered in the same proceeding, the sequential conviction requirement, as interpreted by our supreme court in Bover, would be violated.
The record attached to the order of denial does not demonstrate that the sentences for the predicate offenses were entered in separate proceedings. Accordingly, the order summarily denying this claim is reversed and the matter is remanded for further proceedings. See Ford v. State, 814 So.2d 1121, 1122 (Fla. 4th DCA 2002)(holding remand for resentencing was required on ground that appellate court could not discern from the record whether predicate convictions were truly sequential as resulting from separate sentencing proceedings).
On remand, because Richardson failed to object to his classification as a habitual felony offender at the time of sentencing, the State shall be permitted to introduce evidence of other qualifying convictions should any exist. See Cameron v. State, 807 So.2d 746, 747 (Fla. 4th DCA 2002).
REVERSED and REMANDED.
STEVENSON, SHAHOOD and HAZOURI, JJ., concur.

ON MOTION FOR REHEARING
PER CURIAM.
The State's motion for rehearing is granted in part. We supplement the opinion to address the State's argument on rehearing and to certify conflict with McCall v. State, 862 So.2d 807 (Fla. 2d DCA 2003).
To recap, Richardson was convicted of robbery and sentenced as a habitual offender to twenty years in prison. Richardson claimed that the predicate convictions used to declare him a habitual offender were not sequential. To establish Richardson as a habitual felony offender, the State relied on prior convictions in case numbers 93-4322, for possession of cocaine, and 93-15462, for grand theft. The record shows that although a conviction in the possession case was entered on April 14, 1993, Richardson was placed on probation. Richardson was convicted on the grand theft charge on September 23, 1993. On that same day, September 23, the court found Richardson in violation of probation on the possession case and sentences were entered on both charges. We reversed and remanded, finding that the possession of cocaine and grand theft convictions used to declare him a habitual felony offender would not have been "sequential" if the sentences were imposed on the same day at the same sentencing proceeding since he was not "sentenced" on the possession charge until found in violation of probation.
The State contends this court overlooked a dispositive point of law in the previous opinion because the legislature has provided that the placing of a defendant on probation constitutes a "prior conviction" under the habitual offender statute. Section 775.084(2), Florida Statutes (2002), provides:
For the purposes of this section, the placing of a person on probation or community control without an adjudication of guilt shall be treated as a prior conviction.
Accordingly, the State maintains that the date Richardson was placed on probation should be considered the date of sentencing under the "sequential sentencing proceeding" requirement of section 775.084(5), which provides:

*953 In order to be counted as a prior felony for purposes of sentencing under this section, the felony must have resulted in a conviction sentenced separately prior to the current offense and sentenced separately from any other felony conviction that is to be counted as a prior felony.
The State argues that this case is controlled by the plain meaning of section 775.084(2), that the holding in the instant case deprives this subsection of meaning and will lead to absurd results, and that this court should apply a rule of statutory construction whereby subsections two and five are read together to achieve a consistent whole.
We find that subsections two and five are ambiguous when read together, but are not inconsistent. The State's reading is not necessary to give both subsections meaning. Due process requires definiteness in criminal statutes, and criminal statutes must be strictly construed when their meaning is indefinite. Because the language of these subsections is indefinite and susceptible of differing constructions, the rule of lenity applies; the statute must be construed in the manner most favorable to the accused. See § 775.021(1), Fla. Stat. (2002); Perkins v. State, 576 So.2d 1310, 1312 (Fla.1991).
We hold that subsection five imposes a distinct requirement from subsection two. In fact, subsection five begins, "[i]n order to be counted as a prior felony for purposes of sentencing under this section." A strict construction of this provision compels us to find that the imperative of this subsection, that "the felony must have resulted in a conviction sentenced separately prior to the current offense and sentenced separately from any other felony conviction that is to be counted as a prior felony," applies to any conviction to be counted as a predicate offense under section 775.084.
This restriction modifies subsection two. The placing of a person on community control or probation shall be counted as a prior conviction regardless of whether adjudication is initially withheld; however, such a prior conviction must comply with the "sequential sentencing proceeding" requirement of subsection five. We again reject the State's argument that the placing of a person on probation serves as "sentencing" for purposes of this section.[1]
This court has not directly addressed this issue before, but several cases seem to implicitly recognize this conclusion. See Ford v. State, 814 So.2d 1121 (Fla. 4th DCA 2002); see also Edison v. State, 848 So.2d 498 (Fla. 2d DCA 2003); May v. State, 713 So.2d 1087 (Fla. 2d DCA 1998). But see Render v. State, 742 So.2d 503 (Fla. 3d DCA 1999).
We acknowledge that revocation of probation requires adjudication of guilt. See § 948.06(1), Fla. Stat. (2002). This does not render subsection two meaningless or compel the reading the State suggests. If, for example, a person is adjudicated guilty upon revocation of probation and simultaneously adjudicated guilty of a new offense, the VOP conviction shall be treated as a "prior" conviction for habitualization on the new offense as long as sentencing for the VOP occurs in a separate *954 proceeding before sentencing for the new offense. This gives meaning to both subsections. Based on subsection two, the VOP conviction shall be treated as a "prior" offense even though both adjudications occurred at the same time.
Subsection two addresses the "prior-ness" of the adjudication of guilt upon revocation of probation. The initial offense is considered "prior" although adjudication may occur contemporaneously or even subsequent to the conviction on the new offense.[2] Subsection five provides the independent requirement that sentencing on the VOP occur in a separate proceeding prior to sentencing on the felony "to be sentenced" and separate from any other felony conviction that is to be counted as a prior felony.
We note that in McCall v. State, 862 So.2d 807 (Fla. 2d DCA 2003), the court reached the opposite conclusion and held that the imposition of probation was a "sentence" for purposes of the sequential sentencing proceeding requirement in the habitual felony offender statute. There, the court stated:
When it enacted the habitual felony offender statute, the legislature intended that once a defendant had twice been convicted with sanctions the third conviction would be enhanced. We find that a sentence, as referred to in section 775.084, includes the sanction of probation.
Id. at 808. The court then certified conflict with our initial opinion in this case, Richardson v. State, 884 So.2d 950, 2003 WL 21697171 (Fla. 4th DCA July 23, 2003). We certify conflict with McCall.
The remand instructions contained in our initial opinion remain in effect.
STEVENSON, SHAHOOD and HAZOURI, JJ., concur.
NOTES
[1] Such a reading would contradict the plain language of the probation statute and a plethora of precedent. See § 948.01(2), Fla. Stat. (2002); State v. Summers, 642 So.2d 742, 744 (Fla.1994); Villery v. Fla. Parole & Prob. Comm'n, 396 So.2d 1107 (Fla.1980); Landeverde v. State, 769 So.2d 457, 462 (Fla. 4th DCA 2000); Russell v. State, 676 So.2d 1026 (Fla. 3d DCA 1996); Addison v. State, 452 So.2d 955 (Fla. 2d DCA 1984); Loeb v. State, 387 So.2d 433 (Fla. 3d DCA 1980).
[2] This reading is consistent with the original drafting of subsection two, which reads:

Under this section a person whose guilt of the commission of a felony under Florida law has been legally established and has been granted probation without an adjudication of guilt and who, during such probationary period, has committed the felony for which he is to be sentenced, shall have the felony for which the probation was granted treated in the same manner as a conviction thereof in the event that the probation is not revoked and an adjudication of guilt is not made prior to the imposition of such sentence.
Ch. 71-136, § 5, at 556-57, Laws of Fla. (emphasis added).