886 So.2d 276 (2004)
Rudolph LOVE, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-2695.
District Court of Appeal of Florida, Fifth District.
November 5, 2004.
Rudolph Love, Lowell, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Allison Leigh Morris, Assistant Attorney General, Daytona Beach, for Appellee.
PLEUS, J.
Rudolph Love appeals the summary denial of his rule 3.800(a) motion. The defendant was tried and convicted for the sale of cocaine and possession of cocaine. He was sentenced to 20 years as an habitual felony offender for the sale and sentenced to ten years as an habitual felony offender for the possession. This Court affirmed the conviction and sentence for *277 sale, but remanded to the trial court to reconsider the habitual offender sentence for possession. See Love v. State, 792 So.2d 710 (Fla. 5th DCA 2001). The defendant was resentenced to five years and no direct appeal was taken.
The defendant then filed a 3.800(a) motion, claiming that the trial court had not orally pronounced that it was sentencing defendant as an habitual felony offender and that there were no written reasons given for imposing a guideline departure sentence. The circuit court denied the motion and this Court per curiam affirmed. See Love v. State, 824 So.2d 204 (Fla. 5th DCA 2002).
In this, his third bite at the apple, the defendant again claims that his habitual offender sentence is illegal. He argues this time that a prior conviction in Case No. 95-19638, which was within five years of his current offense, did not meet the requirements of section 775.084(5), Florida Statutes (2003). He claims that his sentence in Case No. 95-19638 was "stayed and withheld" because he was placed on probation and never actually sentenced in that case until he was sentenced on the current offense. Accordingly, he argues that this prior conviction did not meet the requirement that it must be sequential. See Smith v. State, 742 So.2d 352, 356 (Fla. 5th DCA 1999), which held that to qualify as a predicate offense, both the commission of the offense and the conviction for it must have occurred prior to sentencing for the offense for which habitualization is sought.
The defendant argues that the trial court's imposition of probation does not qualify as a sentence, and therefore it cannot be relied on to comply with the sequential requirement of the habitual felony offender statute. He cites Richardson v. State, 884 So.2d 950 (Fla. 4th DCA 2003), as modified, 29 Fla. L. Weekly D215 (Fla. 4th DCA Jan.14, 2004). The court in Richardson reasoned that a sentence and probation are distinct concepts and emphasized that when a defendant is placed on probation, the court stays and withholds the imposition of a sentence. The court found that a defendant placed on probation had never been sentenced, so that when the defendant later violated that probation and committed a new offense, the defendant was being sentenced for the first time in the probation violation case, and that conviction could not constitute a sequential conviction to the new offense.
On rehearing, the court in Richardson rejected the State's suggestion that it had overlooked the provision in the habitual offender statute which states that placing a defendant on probation without an adjudication constitutes a prior conviction. See § 775.084(2), Fla. Stat.[1] The Fourth District held that this provision is distinct from the provision requiring sequential convictions. It found that although placing a defendant on probation without an adjudication may be considered a prior conviction, it cannot be considered a sequential sentence.
In McCall v. State, 862 So.2d 807 (Fla. 2d DCA 2003), the Second District disagreed and held that a sentence, as referred to in section 775.084, Florida Statutes, includes the sanction of probation. The court found that when the legislature enacted the habitual offender statute, it intended that once a defendant was twice convicted with sanctions, the third conviction *278 would be enhanced. See also Teal v. State, 862 So.2d 871 (Fla. 2d DCA 2003).
There are numerous cases which hold that probation is not a sentence. See, e.g., Mack v. State, 823 So.2d 746 (Fla.2002) (probation is technically not a sentence); Waite v. City of Ft. Lauderdale, 681 So.2d 901 (Fla. 4th DCA 1996) (probation is not a sentence but is a final disposition). It is also true that criminal statutes must be construed in the manner most favorable to the accused. See Richardson, supra.
However, as explained in State v. Malone, 489 So.2d 213 (Fla. 3d DCA 1986), whether or not an order of probation is or is not deemed a sentence depends on the policy to be served. In Poore v. State, 531 So.2d 161 (Fla.1988), the court listed probation as a sentencing alternative. See also Larson v. State, 572 So.2d 1368 (Fla.1991), which recognizes that probation, as defined in Black's Law Dictionary, is a sentence releasing a defendant into the community under supervision.
In State v. Barnes, 595 So.2d 22 (Fla.1992), the Supreme Court explained that the justification for requiring sequential convictions is based on the philosophy that an individual who has been convicted of one offense and who subsequently commits a second conviction, has rejected the opportunity to reform.
We conclude the purpose of the statutory requirement is met by construing a probation order to be a sentence within the meaning of the statute. Clearly, the defendant has been given an opportunity to reform when he or she is placed on probation. As emphasized in McCall, probation is a sanction. We believe the interpretation applied by the Fourth District in Richardson is hyper-technical and illogical. Why would the legislature allow an order of probation withholding adjudication to be a conviction which can qualify a defendant for habitualization, but not consider the order to be a sentence when determining whether the prior convictions were sequential? We affirm and certify conflict with Richardson.
AFFIRMED; CONFLICT CERTIFIED.
ORFINGER and TORPY, JJ., concur.
NOTES
[1] Section 775.084(2), Florida Statutes (2003), provides:

(2) For the purposes of this section, the placing of a person on probation or community control without an adjudication of guilt shall be treated as a prior conviction.