892 So.2d 1062 (2004)
Troy Bernard PERRY, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-1791.
District Court of Appeal of Florida, Fifth District.
June 22, 2004.
Opinion Denying Rehearing and Certifying Conflict November 19, 2004.
*1063 Troy Bernard Perry, Jr., Sneads, pro se.
No Appearance for Appellee.
Troy Bernard Perry, Jr., Sneads, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Ann M. Phillips, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
AFFIRMED.
SHARP, W., GRIFFIN and THOMPSON, JJ., concur.

ON MOTION FOR REHEARING
SHARP, W., J.
Citing our sister court's unpublished opinion in Richardson v. State, 884 So.2d 950 (Fla. 4th DCA July 23, 2003), Perry moves for rehearing in this cause. We per curiam affirmed the trial court's denial of his motion, filed pursuant to Florida Rule of Criminal Procedure 3.800(a) to correct his sentence, which he claimed was illegally enhanced under the habitual violent felony offender statute.[1] We deny Perry's motion for rehearing, but we explain the basis for our denial.
The record in this case establishes that Perry was found guilty of carjacking with a firearm[2] and armed burglary of a conveyance,[3] in case number 00-1916CFA. On March 20, 2001, the trial court determined Perry met the criteria of the habitual violent felony offender statute, using as the predicate offense a 1999 conviction, case number 99-1277. Perry asks this court to rule that the "sequential" requirements of section 775.084(5) were not met by the 1999 offense. We disagree.
In the 1999 case, Perry pled guilty to charges of aggravated assault,[4] burglary,[5] and grand theft.[6] Adjudication was withheld. He was placed on one year of community control, conditioned on his serving 179 days in jail (with credit for time served for 172 days), followed by one year on probation. Perry violated his community control,[7] and on February 29, 2000, he was resentenced to an additional year of community control and fifty additional hours of community service.
On March 20, 2001, at the same time he was sentenced for the carjacking and burglary crimes, the court revoked his community control in the 1999 case[8] and sentenced him to three concurrent terms of *1064 five years for those three offenses. It used the 1999 case as the predicate offense to enhance the sentences imposed for the carjacking and burglary offenses.
The habitual violent felony offender statute provides that a defendant, who has been previously convicted of one of the statute's specified felonies within the specified times set forth in the statute,[9] may receive an extended prison sentence as a habitual violent felony offender. Section 775.084(2) expands the concept of what is to be considered a "conviction" for purposes of this sentencing statute. It provides:
For the purposes of this section, the placing of a person on probation or community control without adjudication of guilt shall be treated as a prior conviction.
However, subsection (5) further provides:
In order to be counted as a prior felony for purposes of sentencing under this section, the felony must have resulted in a conviction sentenced separately prior to the current offense and sentenced separately from any other felony conviction that is to be counted as a prior felony.
In Richardson, the defendant was sentenced for robbery, as a habitual felony offender, which requires the existence of at least two prior felony convictions.[10] In order to establish the two predicate offenses, the state relied on two separate cases: 93-4322, for possession of cocaine and 93-15462, for grand theft. In the possession case, sentencing was stayed and Richardson was placed on probation. After he was convicted on the grand theft charge, on the same day and during the same sentencing proceeding, the court found Richardson in violation of his probation in the possession case and sentenced him on both charges.
The Richardson court determined that subsection (5), quoted above, required that the two prior felonies serving as predicate offenses, must be convictions sentenced separately prior to the current offense being enhanced and also sentenced separately from each other. Thus, it concluded, the state failed to establish two prior predicate felony convictions because Richardson was "sentenced" for both on the same day during the same proceeding. It rejected the concept that Richardson received a "sentence" in the possession case when sentencing was withheld and he was placed on probation. It cited numerous cases which say that a sentence and probation are distinct concepts, although these cases deal with very different statutes and concepts.[11]
*1065 Initially, we point out that this case is distinguishable on its facts from Richardson. It involves a habitual violent felony offender sentence, not a habitual felony offender sentence, although the definitions and concepts are identical. Further, in this case, Perry actually was "sentenced" after his first violation of community control, although he was placed back on community control. However, since the issue of sequentiality will arise in other cases, involving both statutes, we elect to respectfully disagree with the Richardson court.
We find that the Richardson interpretation of subsections (2) and (5) is too restrictive. If the concept is accepted that a defendant is not "sentenced" when placed on probation or community control and if no violation occurs and the defendant successfully serves his or her probation or community control time, then those proceedings could never be used to enhance a subsequent offense because no sentence would ever be imposed. That is clearly contrary to the plain meaning of subsection (2), which makes it abundantly clear that the placing of a defendant on probation or community control can be used under this sentencing statute to qualify as a predicate "conviction."[12]
However, if Richardson is followed, only as to defendants who violate probation or community control, subsection (2) is denied its full impact and courts may reach incongruous results. For example, a defendant who does not violate his or her community control or probation is placed in a worse position than one who does violate. The former can receive an enhanced sentence, but the later cannot, unless the defendant is sentenced after violation of probation, before being sentenced for the later felony offense, in a separate proceeding. This reading of the statute appears contrary to the rule of lenity, because it treats defendants who do not violate their probation or community control more harshly than ones who do. Also, the cure for such a discrepancy relies on form over substance: open and close the two sentencing proceedings so they are separated by minutes.
It is a fundamental rule of statutory interpretation that "courts should avoid readings that would render part of a statute meaningless." Unruh v. State, 669 So.2d 242, 245 (Fla.1996), quoting Forsythe v. Longboat Key Beach Erosion Control Dist., 604 So.2d 452, 456 (Fla.1992). In order to meet this requirement, subsection (2) must be read together with subsection (5) to recognize that a defendant is "sentenced" to probation or community control when "convicted" pursuant to subsection (2). Only this interpretation avoids frustrating the Legislature's intent to enhance punishment of those who commit multiple infractions of the law.
Each statute should be given individual interpretation based on its intent and scheme. In Montgomery v. State, 821 So.2d 464 (Fla. 4th DCA 2002), rev. granted, 837 So.2d 410 (Fla.2003), the court recognized that a defendant may be sentenced to probation or community control following a no contest plea and a withhold of adjudication. 821 So.2d at 466. The issue in that case was whether a no contest plea and withholding adjudication of guilt *1066 should be scored as a prior conviction. The court found that a plea of no contest is a "conviction," because there existed in section 921.0001, Florida Statutes (1999), a statutory definition of conviction for purposes of preparing a scoresheet. "`Conviction' means a determination of guilt that is the result of a plea or a trial, regardless of whether adjudication is withheld." Montgomery, 821 So.2d at 465 (citing section 921.0021(2), Florida Statutes (1999)).
Likewise, the interpretation of the habitual/violent felony offender statute should turn on its definition of "conviction" in subsection (2) and the overall scheme and scope of the statute. We agree with McCall v. State, 862 So.2d 807 (Fla. 2d DCA 2004), that the rendering of a sentence (after revocation of probation in a prior unrelated case) for one of two predicate convictions used to classify a defendant as a habitual felony offender on the same day as the sentencing for the second predicate offense, in a simultaneous sentencing proceeding, does not violate the sequential requirements of section 775.084(5). So long as the conviction for the predicate offense or offenses, as defined in subsection (2) (i.e., placing the defendant on probation or community control), precedes the felony being enhanced, and are sequential to themselves, in the case of a Habitual Felony Offender sentence, the sequentiality requirements of the statute are met. We also certify a conflict with Richardson.
Motion for Rehearing DENIED, conflict CERTIFIED.
GRIFFIN and THOMPSON JJ., concur.
NOTES
[1] Section 775.084(1)(b), Fla. Stat. (2000).
[2] §§ 812.133(1), (2)(a); 775.087(2)(a)1, Fla. Stat. (2000).
[3] §§ 810.02(1), (2)(b); 775.087(2)(a)1, Fla. Stat. (2000).
[4] § 784.021(1)(a), Fla. Stat.
[5] §§ 810.02(1), (2)(b); 810.07, Fla. Stat.
[6] § 812.014(1), (2)(c)5, Fla. Stat. (1999).
[7] Perry's original sentence was modified based on eight violations of the community control sentence. (R. 346; State Sentencing Report, State v. Perry, 00-1916-CFA & 99-1277-CFA  VOCC).
[8] Here again, there was a plethora of violations to the community control besides case number 00-1916-CFA (R. 346; State Sentencing Report, State v. Perry, 00-1916-CFA & 99-1277-CFA  VOCC).
[9] Neither of which is in dispute in this case.
[10] Section 775.084(1)(a), Fla. Stat. (2000).
[11] State v. Summers, 642 So.2d 742, 744 (Fla.1994) (ruling that a probationer must be given credit for time served on probation toward any new term of probation imposed for the same offense, to insure the total term of probation does exceed the statutory maximum for that offense); Villery v. Fla. Parole & Prob. Comm'n., 396 So.2d 1107 (Fla.1980) (answering the question of whether or not a defendant was eligible for parole under section 947.16(1) in a situation where the defendant was incarcerated for two and one-half years, as a special condition of probation); Landeverde v. State, 769 So.2d 457, 462 (Fla. 4th DCA 2000) (holding that a defendant on community control has a Fifth Amendment right not to testify as to incriminatory matters that could impact on the defendant's sentence); Russell v. State, 676 So.2d 1026 (Fla. 3d DCA 1996) (determining whether or not a defendant should be given credit for time served on probation in an ordinary, not a split sentence, context); Addison v. State, 452 So.2d 955 (Fla. 2d DCA 1984) (holding that a defendant is entitled to be sentenced under the guidelines, in effect at the time the court revoked his probation and imposed sentence); Loeb v. State, 387 So.2d 433 (Fla. 3d DCA 1980) (upholding the jurisdiction of a trial court to revoke the probation of a defendant after an appeal was completed, for conduct engaged in by the defendant during the period of time the case was on appeal).
[12] When the Legislature struck out the qualifier in this statute, "if the subsequent offense for which the person is to be sentenced was committed during this period of probation or community control," it signaled its intent that any prior period of probation or community control with adjudication withheld would qualify as a prior. CS/SB 1746, Criminal Justice Committee and Senators Lee and Brown-Waite, Sentencing, Senate Staff Analysis and Economic Impact Statement at 13 (April 12, 1999).