912 So.2d 4 (2005)
Sammy ROSS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-3838.
District Court of Appeal of Florida, Fourth District.
March 2, 2005.
Carey Haughwout, Public Defender, and Patrick B. Burke, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Claudine M. LaFrance, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Sammy Ross challenges his sentence as an habitual felony offender.
On March 9, 1989, Ross was placed on probation for armed robbery and related charges.
On July 7, 1989, the probation was revoked and he was sentenced to seventeen years in prison. On the same day, Ross was also sentenced in two other unrelated robbery cases; he was sentenced to seventeen years in each case to run concurrently with the sentence imposed for the first robbery.
On this record, we cannot tell whether the July 7, 1989 sentences arose out of the same sentencing proceeding. See Bover v. State, 797 So.2d 1246, 1250 (Fla.2001) (where court held that under the habitual offender statute, "although the sentencing for separate convictions arising out of unrelated crimes can take place on the same day, the sentences cannot be part of the same sentencing proceeding").
Therefore, we remand to the circuit court for further proceedings. If the court finds that the July 7, 1989 sentences were imposed at different sentencing proceedings, then the habitual offender sentence may stand. However, if the court finds that all such sentences were imposed in the same sentencing proceeding, then Richardson v. State, 884 So.2d 950 (Fla. 4th DCA 2003) applies, and Ross must be resentenced.
*5 We again certify conflict with McCall v. State, 862 So.2d 807 (Fla. 2d DCA 2003).
GROSS, TAYLOR and HAZOURI, JJ., concur.