912 So.2d 7 (2005)
Morris BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-4032.
District Court of Appeal of Florida, Fourth District.
March 9, 2005.
Carey Haughwout, Public Defender, and Helene Hvizd Morris, Special Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Sue-Ellen Kenny, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Morris Brown appeals his convictions and sentences on three counts of attempted first degree murder. We affirm, without comment, on each of the first three claims of error. However, we reverse and remand for a new sentencing hearing on the conviction for the third count of attempted first degree murder for the reason stated below.
The trial court sentenced Brown to life imprisonment as a habitual felony offender, pursuant to section 775.084, Florida Statutes, for the conviction on count three. *8 For such a sentence to be validly imposed, the predicate felonies "must have resulted in a conviction sentenced separately prior to the current offense and sentenced separately from any other felony conviction that is to be counted as a prior felony." § 775.084(5), Fla. Stat. (2002).
In Brown's case, the predicate felonies used to enhance the sentence in count three were all imposed on October 5, 1999. The State contends it is possible the sentences were imposed in separate proceedings, thus the enhanced sentence is proper. However, proof of separate proceedings was not presented to the court during sentencing nor during the hearing on Brown's motion to correct sentencing error, filed pursuant to Florida Rule of Criminal Procedure 3.800(b)(2).
In accordance with our prior rulings, we reject the State's argument and remand for a new sentencing hearing, where the State may "introduce evidence of other qualifying convictions which would allow for a habitual felony offender sentence, should any exist." See Puskac v. State, 872 So.2d 1008, 1008 (Fla. 4th DCA 2004) (relying upon Richardson v. State, 884 So.2d 950 (Fla. 4th DCA 2003), supplemented on reh'g, 29 Fla. L. Weekly D215 (Fla. 4th DCA Jan. 14, 2004)); see also Petruny v. State, 884 So.2d 312 (Fla. 4th DCA 2004). As we did in Richardson, Puskac, and Petruny, we certify conflict with McCall v. State, 862 So.2d 807 (Fla. 2d DCA 2003), and related cases from the other district courts.
AFFIRMED IN PART, REVERSED AND REMANDED IN PART.
GUNTHER, STONE and STEVENSON, JJ., concur.