PER CURIAM.
Appellant, Eric White, raises four issues on appeal from his judgment and sentence. We affirm the trial court’s judgment on all four issues, but we write to address the sentencing issue raised by appellant, wherein he argues that his previous term of probation should not have been used to qualify him as an habitual felony offender.
Appellant previously served a term of probation for a felony, and after violating that probation and committing a new felony, he was sentenced to a thirteen-month prison term. Following his release from prison, appellant was convicted of the two felonies, which are the subject of this appeal.
The relevant subsections of section 775.084, Florida Statutes (2002), provide as follows:
(2) For purposes of this section, the placing of a person on probation or community control without an adjudication of guilt shall be treated as a prior conviction.
[[Image here]]
(5) In order to be counted as a prior felony for purposes of sentencing under this section, the felony must have resulted in a conviction sentenced separately prior to the current offense and sen *1062 tenced separately from any other felony conviction that is to be counted as a prior felony.
In Richardson v. State, 884 So.2d 950 (Fla. 4th DCA 2004), the Fourth District interpreted the “sequential sentencing proceeding requirement” of section 775.084(5) to mean that a defendant who has previously only been “ ‘sentenced to probation’ ” does not qualify for an habitual felony offender designation upon committing a subsequent felony. However, our other sister courts have determined that section 775.084, Florida Statutes, allows prior terms of probation or community control, where adjudication was withheld, to be applied to a subsequent conviction for ha-bitualization purposes. See, e.g., State v. Del Castillo, 890 So.2d 376 (Fla. 3d DCA 2004) (noting that section 775.084(2) “clearly intends to define, or extend, the term ‘prior conviction’ ”); Love v. State, 886 So.2d 276 (Fla. 5th DCA 2004) (noting the supreme court’s reasoning in State v. Barnes, 595 So.2d 22 (Fla.1992), that “the justification for requiring sequential convictions is based on the philosophy that an individual who has been convicted of one offense and who subsequently commits a second conviction, has rejected the opportunity to reform”). As the Second District explained in McCall v. State, 862 So.2d 807, 808 (Fla. 2d DCA 2003):
When it enacted the habitual felony offender statute, the legislature intended that once a defendant had twice been convicted with sanctions that the third conviction would be enhanced. We find that a sentence, as referred to in section 775.084, includes the sanction of probation.
In agreement with the Second District, the Fifth District recently stated in an opinion on motion for rehearing:
We find that the Richardson interpretation of subsections (2) and (5) is too restrictive. If the concept is accepted that a defendant is not “sentenced” when placed on probation or community control time, then those proceedings could never be used to enhance a subsequent offense because no sentence would ever be imposed. That is clearly contrary to the plain meaning of subsection (2), which makes it abundantly clear that the placing of a defendant on probation or community control can be used under this sentencing statute to qualify as a predicate “conviction.”
Perry v. State, 892 So.2d 1062 (Fla. 5th DCA 2004) (emphasis in original).
We agree with, and hereby adopt, the interpretation of sections 775.084(2) and (5) given by the Second, Third, and Fifth District Courts. Accordingly, we affirm and certify conflict with Richardson.
AFFIRMED; CONFLICT CERTIFIED.
LEWIS and THOMAS, JJ., concur; BENTON, J., dissents with written opinion.