COPE, J.
Michael Anthony Smith appeals an order denying his motion to correct illegal sentence. He contends that he does not qualify as a habitual felony offender (“HFO”). We disagree and affirm.
Defendant-appellant Smith maintains that he does not qualify as an HFO because the two predicate offenses for habit-ualization were ones in which he was adjudicated guilty but placed on probation. He argues that under Richardson v. State, 884 So.2d 950 (Fla. 4th DCA 2003), review granted, 898 So.2d 81 (Fla.2005), he does not qualify as an HFO.
Defendant was adjudicated an HFO in Miami-Dade County Circuit Court case No. 95-36218 (“the 1995 case”). This was done in a plea bargain in which the defendant acknowledged that he qualified as an HFO.
The two predicate cases were Miami-Dade Circuit Court case numbers 90-17528 (“the 1990 case”) and 94-1814 (“the 1994 case”). In the 1990 case the defendant was adjudicated guilty of aggravated battery and placed on probation. In the 1994 case the defendant was adjudicated guilty of burglary and also was placed on probation.
The defendant was habitualized under the 1995 version of the habitual offender statute. It contained a sequential conviction requirement as follows: “In order to be counted as a prior felony for purposes of sentencing under this section, the felony must have resulted in a conviction sentenced separately prior to the current offense and sentenced separately from any other felony conviction that is to be counted as a prior felony.” § 775.084(5), Fla. Stat. (1995).
The sequential conviction requirement was satisfied in this case. In 1992 the defendant was adjudicated guilty and placed on probation (in the 1990 case). In 1994 the defendant was adjudicated guilty and placed on probation (in the 1994 case). In 1996 the defendant was adjudicated guilty and sentenced to community control followed by probation (in the 1995 case).
Under this court’s decision in State v. Del Castillo, 890 So.2d 376 (Fla. 3d DCA 2004), the placing of the defendant on probation or community control qualifies as a “sentence” for purposes of the sequential conviction rule. See id. at 379. Therefore the defendant qualifies as an HFO and his sentence is legal.
We recognize that the Fourth District in Richardson held that probation does not count as a “sentence” for purposes of the sequential conviction rule. We certify direct conflict with Richardson.
Affirmed, direct conflict certified.