915 So.2d 86 (2005)
STATE of Florida, Petitioner,
v.
Erick RICHARDSON, Respondent.
No. SC04-174.
Supreme Court of Florida.
September 8, 2005.
Rehearing Denied November 15, 2005.
Charles J. Crist, Jr., Attorney General, Tallahassee, Florida, Celia Terenzio, Bureau Chief, and Daniel P. Hyndman, Assistant Attorney General, West Palm Beach, Florida, for Petitioner.
John R. Blue, Joseph H. Lang, Jr., and Christine R. Dean, Carlton Fields, P.A., Tampa, Florida, for Respondent.
PER CURIAM.
We have for review Richardson v. State, 884 So.2d 950 (Fla. 4th DCA 2003), reh'g granted in part, 884 So.2d 950, 952 (Fla. 4th DCA 2004), which certified conflict with the decision in McCall v. State, 862 So.2d 807 (Fla. 2d DCA 2003). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.

FACTS AND PROCEEDINGS BELOW
The certified issue on this appeal concerns the construction of section 775.084(5), Florida Statutes (1999), a provision of the habitual felony offender statute. Section 775.084(5) provides:
(5) In order to be counted as a prior felony for purposes of sentencing under this section, the felony must have resulted in a conviction sentenced separately prior to the current offense and sentenced separately from any other felony conviction that is to be counted as a prior felony.
The respondent in this case, Erick Richardson, was convicted on May 24, 2000, for a robbery that occurred on October 25, 1999. In sentencing for the robbery, the trial court sentenced Richardson as a habitual felony offender to an enhanced term of twenty years in prison. The trial court habitualized Richardson on the basis of two prior convictions and sentences. The first was a conviction on April 14, 1993, for possession of cocaine, which occurred on March 5, 1993, and for which Richardson was initially placed on probation. The second was a conviction on September 23, 1993, for grand theft that occurred on August 27, 1993. On September 23, 1993, *87 the trial court found Richardson to be in violation of his probation on the possession offense, the probation was revoked, and Richardson was sentenced on the probation violation and on the grand theft conviction.
Richardson directly appealed the robbery conviction, which the Fourth District Court of Appeal affirmed. Richardson v. State, 793 So.2d 964 (Fla. 4th DCA 2001). Richardson subsequently moved for postconviction relief under Florida Rule of Criminal Procedure 3.850. In his rule 3.850 motion, Richardson contended that the requirements of section 775.084(5) had not been met and that his defense counsel was ineffective for failing to object to Richardson's classification as a habitual felony offender. The trial court summarily denied Richardson's rule 3.850 motion.
Richardson appealed the trial court's denial of postconviction relief. The Fourth District reversed, agreeing with Richardson that his sentence violated section 775.084(5) and holding that the record attached to the order denying the 3.850 motion did not demonstrate that the cocaine conviction on April 14, 1993, and the grand theft conviction on September 23, 1993, were sentenced in separate proceedings, and thus the offenses did not meet the requirement of separate convictions and sentences under the statute. The Fourth District did not discuss ineffective assistance of counsel. Rather, the Fourth District held that the probation imposed on Richardson on April 14, 1993, was not a sentence. The Fourth District held that Richardson had first been "sentenced" on the cocaine conviction when he received a sentence on September 23, 1993, for violating the terms of his probation and that therefore the sentencing for the cocaine possession and the grand theft both occurred on September 23, 1993. The Fourth District granted the postconviction motion and remanded for a new habitual felony offender sentencing.[1]
The Fourth District granted the State's motion for rehearing. The Fourth District, though, continued with its reversal of the trial court's denial of postconviction relief and remand for a new habitual felony offender sentencing.
In its opinion on rehearing, the Fourth District noted that the Second District Court of Appeal in McCall v. State, 862 So.2d 807 (Fla. 2d DCA 2003), had reached the opposite conclusion by holding that the imposition of probation was a "sentence" for purposes of section 775.084(5). Accordingly, the Fourth District certified conflict with McCall. Richardson, 884 So.2d at 954.[2]
The State sought our review of the Fourth District's decision and argues that the conflict should be resolved in favor of the Second District's interpretation of the habitual offender statute in McCall.

ANALYSIS
We resolve the certified conflict between the district courts by applying section 775.084(5), Florida Statutes (1999), and holding that Richardson was sentenced on *88 April 14, 1993, when given probation for cocaine possession and on September 23, 1993, for grand theft.[3] We find no need to address subsection (2) of section 775.084, as argued by the State. The sequential conviction requirement of section 775.084(5) was developed and has been explained in this Court's case law. In accord with this case law, Richardson's convictions and sentences plainly complied with the intent of the requirement of section 775.084(5), and on that basis, we quash the decision of the Fourth District in this case.
In Joyner v. State, 158 Fla. 806, 30 So.2d 304 (1947), we discussed the reasons for requiring sequential convictions as the basis for enhanced sentencing. We said:
There are two reasons why this is true: (1) because the purpose of the statute is to protect society from habitual criminals who persist in the commission of crime after having been theretofore convicted and punished for crimes previously committed. It is contemplated that an opportunity for reformation is to be given after each conviction. (2) This construction is implicit in the statutes.[[4]]
Joyner, 30 So.2d at 306.
In State v. Barnes, 595 So.2d 22, 24 (Fla.1992), we cited to our decision in Joyner and further stated:
This reasoning, in justifying the imposition of the habitual offender statute, is based on the philosophy that an individual who has been convicted of one offense and who, with knowledge of that conviction, subsequently commits another offense, has rejected his or her opportunity to reform and should be sentenced as a habitual offender.
At the time of our Barnes decision, however, this Court held that the Legislature had effectively repealed the sequential conviction rule because the then current version of the statute, which had recently been significantly amended in 1988, did not contain the sequential conviction requirement. While the Court in Barnes agreed that "the underlying philosophy of a habitual offender statute may be better served by a sequential conviction requirement," it held that "[u]nder these circumstances, this Court has no authority to change the plain meaning of a statute where the legislature has unambiguously expressed its intent." Barnes, 595 So.2d at 24.
In 1993, the Legislature passed subsection (5) of the habitual felony offender statute. Ch. 93-406, § 2, at 2915, Laws of Fla. Based upon the timing of its adoption, it is apparent that subsection (5) was in response to our decision in Barnes.[5]
*89 In Bover v. State, 797 So.2d 1246, 1250 (Fla.2001), we reviewed section 775.084(5) and stated:
The habitual offender statute, section 775.084(5), specifically provides that the court must have imposed sentence for the two prior convictions separately from each other. Thus, although the sentencing for separate convictions arising out of unrelated crimes can take place on the same day, the sentences cannot be part of the same sentencing proceeding.
In the present case, Richardson did have sentences imposed for his two separate convictions at separate times. The probation ordered on April 14, 1993, was a sentence within the requirement of section 775.084(5), and the conviction and sentence for grand theft on September 23, 1993, were obviously separate and sequential.
We agree with the Second District in McCall that "a sentence, as referred to in section 775.084, includes the sanction of probation." 862 So.2d at 808. This is consistent with the philosophy as stated in Barnes that an individual who has been convicted of one offense and who with knowledge of that conviction subsequently commits another offense has rejected his or her opportunity to reform and is subject to being sentenced as a habitual offender.
Florida Rule of Criminal Procedure 3.700(a) defines "sentence" as "the pronouncement by the court of the penalty imposed on a defendant for the offense of which the defendant has been adjudged guilty." This rule definition encompasses probation. We find that the rule provides the definition of "sentence" to be used under section 775.084(5).

CONCLUSION
For the reasons stated herein, we quash the decision of the Fourth District in Richardson and approve the Second District's decision in McCall. Because this appeal is from the denial of a rule 3.850 motion, this case is remanded to the Fourth District for consideration of any issues which it determines are remaining in the denial of the rule 3.850 motion.
It is so ordered.
WELLS, ANSTEAD, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.
PARIENTE, C.J., recused.
NOTES
[1] The reason for the remand was stated to be:

On remand, because Richardson failed to object to his classification as a habitual felony offender at the time of sentencing, the State shall be permitted to introduce evidence of other qualifying convictions should any exist.
Richardson, 884 So.2d at 952.
[2] The First, Third, and Fifth District Courts of Appeal have subsequently agreed with McCall and held that probation is a sentence for purposes of applying section 775.084(5). White v. State, 898 So.2d 1061 (Fla. 1st DCA 2005); Perry v. State, 892 So.2d 1062 (Fla. 5th DCA 2004); State v. Del Castillo, 890 So.2d 376 (Fla. 3d DCA 2004); Love v. State, 886 So.2d 276 (Fla. 5th DCA 2004).
[3] In view of the certified conflict, we resolve this issue. The question of whether the Fourth District should have reached the issue in the rule 3.850 motion without first determining that trial counsel for Richardson was ineffective in respect to this issue has not been raised in this Court. We conclude that the Fourth District actually considered Richardson's motion to be a motion under Florida Rule of Criminal Procedure 3.800(a). In Bover v. State, 797 So.2d 1246, 1247 (Fla.2001), we approved the issue of sequential convictions under section 775.084(5) being raised in rule 3.800(a) motions. This was the procedural context in which the issue was presented in McCall. See 862 So.2d at 807.
[4] §§ 775.09-.11, Fla. Stat. (1941).
[5] Fla. H.R. Comm. on Crim. Just., SB26-B, Staff Analysis 16, 25 (final June 18, 1993) (available at Fla. State Archives, ser. 19, carton 2389, Tallahassee, Fla.) ("This bill amends s. 775.084, Fla. Stat., to revise the criteria for sentencing habitual felony offenders. . . . [I]n response to the Florida Supreme Court's decision in the Barnes case, the following language is added to the habitual offender statute: `in order to be counted as a qualifying prior felony, the felony must have resulted in a conviction sentenced separately prior to the current offense and sentenced separately from any other felony conviction that is to be counted as a prior felony.'").