917 So.2d 903 (2005)
Winston K. HEATH, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D05-1178.
District Court of Appeal of Florida, Third District.
October 19, 2005.
Rehearing Denied January 12, 2006.
Winston K. Heath, in proper person.
*904 Charles J. Crist, Jr., Attorney General, and Robin F. Hazel, Assistant Attorney General, for appellee.
Before COPE, C.J., and FLETCHER and CORTIÑAS, JJ.
COPE, C.J.
Winston K. Heath appeals an order denying his motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a) in which he contends that he does not qualify as a habitual violent felony offender ("HVFO"). We affirm.
Defendant-appellant Heath entered into a plea agreement for a forty-eight-month sentence as an HVFO on the charge of unlawful possession of a firearm by a convicted felon.[1] For habitualization purposes, the State relied on the defendant's prior conviction for aggravated battery on a pregnant person, which was Miami-Dade County circuit court case number 00-37873 ("the 2000 case"). The offense of aggravated battery is a qualifying offense for an HVFO adjudication. See § 775.084(1)(b)1.n., Fla. Stat. (2002).
The defendant contends that the aggravated battery conviction may not be counted as a predicate offense because he was placed on probation for that offense. We disagree. In 2001 the defendant entered his guilty plea in the 2000 case. He was adjudicated guilty and placed on probation. Under the Florida Supreme Court's decision in State v. Richardson, 915 So.2d 86 (Fla. 2005), the placing of the defendant on probation or community control qualifies as a "sentence" for purposes of the sequential conviction rule. "[A] sentence, as referred to in section 775.084, includes the sanction of probation." Id. at 89 (citation and internal quotation marks omitted).
Affirmed.[2]
NOTES
[1] The crime date was August 1, 2002.
[2] The defendant incorrectly maintains that the State relied on two separate cases as predicate offenses for habitualization. While both cases were placed before the trial court, the only qualifying offense for imposition of an HVFO adjudication was the 2000 case.