COPE, C.J.
John Kraus appeals an order denying his motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a). We affirm in part and reverse in part.
Defendant-appellant Kraus entered into a plea agreement in Miami-Dade County circuit court ease number 01-14126 (“the 2001 case”) and case number 96-5770 (“the 1996 case”). In the 2001 case the agreement called for a fifteen-year sentence with a mandatory minimum sentence of fifteen years both as a habitual violent felony offender (HVFO) and habitual felony offender (HFO). In the 1996 case, the plea agreement called for a fifteen-year sentence. The trial court approved the agreement and imposed sentence accordingly.
With regard to the 2001 case, the defendant contends that he does not actually qualify as an HVFO. We reject this claim. For purposes of habitualization as an HVFO, the trial court relied on the defendant’s earlier conviction in the 1996 case. The 1996 case included a conviction for armed robbery, which is an enumerated offense. See § 775.084(1)(b)1.c., Fla. Stat. (2001).[1] In the 1996 case the defendant was adjudicated guilty and placed on probation. The 1996 case counts as a qualifying offense. For purposes of the sequential conviction rule, the fact that the defendant was placed on probation does not eliminate the 1996 case as a qualifying offense. See State v. Richardson, 915 So.2d 86 (Fla.2005); State v. Del Castillo, 890 So.2d 376, 378 (Fla. 3d DCA 2004); McCall v. State, 862 So.2d 807 (Fla. 2d DCA 2003).
In this case the defendant agreed to be sentenced as an HFO as well as an HVFO. The defendant argues that he does not qualify as an HFO. Although the trial court did not have the benefit of it at the time, the Florida Supreme Court has recently held that a defendant may only be sentenced under a single classification within the habitual offender statute. See Clines v. State, 912 So.2d 550 (Fla.2005). In light of Clines, we strike the defendant’s classification as an HFO.
The State in its response points out that on certain counts in both cases, the sentence exceeds the legal maximum. In the 2001 case, the sentence on count one is within the legal maximum, but in count two exceeds the legal maximum. We remand for reduction of the sentence on count two to the legal maximum. The defendant need not be present.
In the 1996 case, the defendant received a non-habitual offender sentence. The *647 sentence on count one is within the legal maximum but the sentences on counts two, three, and four exceed the legal maximum. We remand for reduction of the sentences on counts two, three and four to the legal maximum. The defendant need not be present.
Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.

. The crime date for the 2001 case was May 2001.