915 So.2d 232 (2005)
Andre ROBBINS, Petitioner,
v.
The STATE of Florida, Respondent.
No. 3D05-1727.
District Court of Appeal of Florida, Third District.
November 23, 2005.
*233 Andre Robbins, in proper person.
Charles J. Crist, Jr., Attorney General, and Fredericka Sands, Assistant Attorney General, for respondent.
Before FLETCHER, RAMIREZ, and SUAREZ, JJ.
PER CURIAM.
Andre Robbins petitions for a writ of habeas corpus. Robbins claims that his habitual offender sentence is illegal as it is based on non-sequentially sentenced prior offenses. We dismiss the petition for the following reasons.
First, a habeas petition is not the correct remedy: the claim should first have been brought before the trial court as a post-conviction motion to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800, as Robbins raises a challenge to his sentence rather than to his conviction. A petition for writ of habeas corpus cannot be used as a substitute for an appropriate post-conviction motion. See Fla. R.Crim. P. 3.850(h); Baker v. State, 878 So.2d 1236 (Fla.2004). Second, Robbins has been here before on the very same issue and is procedurally barred from raising it again, this time styled as a habeas petition.[1]See Swain v. State, 911 So.2d 140 (Fla. 3d DCA 2005)(While successive 3.800(a) motions are permitted even though the claims could have been raised in previously filed 3.800(a) motions, and there is no time limit for seeking such relief, the law of the case doctrine prevents a litigant from relitigating the same issues previously considered and rejected on the merits and reviewed on appeal.).
On the merits, previous trial courts correctly determined that the petitioner is not entitled to relief because his prior convictions coupled with the current violation of probation qualify him for sentencing as an habitual offender. He was serving the probation portion of his sentence in case number 94-25886 when he was arrested in case number 02-13466B. At his sentencing for the current offense, his priors were listed as (1) sexual battery in 1986 and (2) lewd assault on a child in 1994 (the case in which he violated probation). A sentence includes the sanction of probation. See McCall v. State, 862 So.2d 807, 808 (Fla. 2d DCA 2003); see also State v. Richardson, 915 So.2d 86, 2005 WL 2155200 (Fla. Sept. 8, 2005).
Dismissed.
NOTES
[1] See Robbins v. State, 906 So.2d 1075 (Table) (Fla. 3d DCA 2005); Robbins v. State, 886 So.2d 235 (Table)(Fla. 3d DCA 2004); Robbins v. State, 874 So.2d 591 (Table)(Fla. 3d DCA 2004); Robbins v. State, 864 So.2d 422 (Table)(Fla. 3d DCA 2004).