940 So.2d 1103 (2006)
William E. TEAL, Petitioner,
v.
STATE of Florida, Respondent.
No. SC04-102.
Supreme Court of Florida.
October 5, 2006.
Heather M. Gray, Riverview, FL, for Petitioner.
Charles J. Crist, Jr., Attorney General, Tallahassee, FL, Robert J. Krauss, Bureau Chief, Tampa Criminal Appeals and Dale E. Tarpley, Assistant Attorney General, Tampa, FL, for Respondent.
PER CURIAM.
We have for review Teal v. State, 862 So.2d 871 (Fla. 2d DCA 2003), in which the Second District Court of Appeal certified conflict with the Fourth District Court of Appeal's decision in Richardson v. State, 884 So.2d 950 (Fla. 4th DCA 2003), reh'g granted in part, 884 So.2d 950, 952 (Fla. 4th DCA 2004), quashed, 915 So.2d 86 (Fla.2005). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.
We recently quashed the Fourth District Court of Appeal's decision in Richardson and clarified that the sanction of probation is a "sentence" for purposes of applying the sequential conviction requirement of the habitual felony offender statute, section 775.084(5), Florida Statutes (1999). See State v. Richardson, 915 So.2d 86 (Fla. 2005).
The present case involves the sanction of community control. For the same reasons that we found probation to be a "sentence" in Richardson, we hold that the sanction of community control is a "sentence" for purposes of applying the sequential conviction requirement. Accordingly, we approve the decision by the Second District Court of Appeal in Teal.
It is so ordered.
LEWIS, C.J., and WELLS, ANSTEAD, PARIENTE, QUINCE, CANTERO, and BELL, JJ., concur.