On Remand From The Florida Supreme Court

PER CURIAM.
The supreme court recently quashed our March BO, 2005 opinion in this case and remanded the case for reconsideration in light of State v. Richardson, 915 So.2d 86 (Fla.2005). See State v. Nesbitt, 940 So.2d 1099 (Fla.2006). Michael M. Nesbitt sought rule 3.850 relief challenging his habitual offender sentence, arguing that the predicate offense was not sequential and that it concerned a probationary term. Nesbitt referenced a prior offense associated with L.T. 00-7832 for which a probationary term was imposed in August 2000, but also suggested that the trial court relied on the violation of probation disposition as the predicate conviction for the challenged habitual offender sentence. The problem with the latter, according to Nesbitt, is that the VOP sentence was imposed at the same sentencing hearing that resulted in the instant habitual offender sentence. Thus, he claimed that a sequential problem existed.
In accordance with our prior rulings, and though noting conflict, we reversed and remanded for further proceedings. See Nesbitt v. State, 912 So.2d 15 (Fla. 4th DCA 2005) (citing Puskac v. State, 872 So.2d 1008, 1008 (Fla. 4th DCA 2004), relying upon Richardson v. State, 884 So.2d 950 (Fla. 4th DCA 2003), supplemented on reh’g, 884 So.2d 950 (Fla. 4th DCA 2004)). Nesbitt’s case presented a problem given this court’s Richardson decision which precluded use of the August 2000 probationary term as a predicate.
The Florida Supreme Court resolved the conflict in State v. Richardson, 915 So.2d 86, 89 (Fla.2005), and on that authority quashed this court’s Nesbitt decision and remanded the matter for reconsideration upon application of Richardson. Richardson clarified that the sanction of probation is a “sentence” for purposes of applying the sequential conviction requirement of the habitual felony offender statute, section 775.084(5), Florida Statutes (1999). See also Teal v. State, 940 So.2d 1103 (Fla.2006) (applying Richardson to a community control sanction). Otherwise stated, the sanctions of both probation and community control are “sentences” for purposes of applying the sequential conviction requirement of the habitual offender statute.
Accordingly, Nesbitt’s August 2000 probationary sentence was a sufficient predicate. We therefore affirm the ruling of the circuit court.
STEVENSON, C.J., STONE and GROSS, JJ., concur.