968 So.2d 52 (2007)
Christian ROMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-2241.
District Court of Appeal of Florida, Fourth District.
October 3, 2007.
Rehearing Denied December 3, 2007.
*53 Christian Roman, Immokalee, pro se.
No appearance required for appellee.
PER CURIAM.
The defendant appeals an order dismissing his rule 3.800(a) motion as successive. He makes three arguments, all of which we reject. We affirm.
The defendant filed a rule 3.800(a) motion suggesting that he did not qualify for habitual offender sentencing because the predicate offenses in case number 96-24844 occurred during the same criminal episode for which he was sentenced on August 26, 1996, and did not qualify as separate sentences. However, the defendant also had other prior felony convictions.
The defendant was sentenced in case number 96-18620 on October 17, 1997 for qualifying offenses and again on October 20, 1997 for yet another qualifying offense in case number 97-19198. The defendant argued that the offenses in those case numbers did not qualify him for habitual offender sentencing because adjudication was withheld and he was placed on community control.
Without ordering a response from the state, the trial court dismissed the motion as successive explaining that this claim was raised in the defendant's prior rule 3.800(a) motion that was denied. The defendant filed a motion for rehearing, which the trial court denied.
In this appeal, he continues to argue that the trial court erred in sentencing him as a habitual offender because the offenses in case number 96-24844 were sentenced at the same time and that his convictions in the other cases cannot qualify as predicate offenses because he was placed on community control.[1] The defendant is mistaken. First, the sentencing transcript reveals that the State relied on all of the defendant's prior convictions, not just the August 26, 1996, conviction to support the request for habitual offender sentencing.
Second, the defendant is simply incorrect when he suggests that his sentences of community control do not satisfy the predicate convictions for habitual offender sentencing. Community control qualifies as a "sentence" for purposes of the habitual offender statute. See State v. Richardson, 915 So.2d 86 (Fla.2005) (holding that probation is a qualifying sentence under the habitual offender statute). Because the defendant's arguments are without merit, we affirm.
Affirmed.
WARNER, HAZOURI and MAY, JJ., concur.
NOTES
[1] The defendant also argues that his motion was not successive and that the trial court erred in failing to attach record excerpts to support its finding of successiveness.