742 So.2d 503 (1999)
Dedrick RENDER, Appellant,
v.
The STATE of Florida, Appellee.
No. 98-2920.
District Court of Appeal of Florida, Third District.
October 13, 1999.
*504 Dedrick Render, in proper person.
Robert A. Butterworth, Attorney General, and Sylvie Perez-Posner, Assistant Attorney General, for appellee.
Before COPE, GODERICH and FLETCHER, JJ.
PER CURIAM.
Appellant contends that his prior grand theft conviction could not be used for habitualizing him because he had been placed on probation and had completed the probationary period at the time he committed the current offense. Appellant is mistaken. The habitual offender statute provides, "For the purposes of this section, the placing of a person on probation without an adjudication of guilt shall be treated as a prior conviction if the subsequent offense for which he is to be sentenced was committed during such probationary period." § 775.084(2), Fla. Stat. (1995) (emphasis added). In appellant's case, there was no withholding of adjudication. Appellant was adjudicated guilty. The grand theft conviction was properly treated as a predicate offense by the trial court. The prior conviction for possession of cocaine was also properly counted as a predicate offense. See id. § 775.084(1)(a)3; Rollins v. State, 707 So.2d 823, 824-25 (Fla. 3d DCA 1998). The order denying postconviction relief is affirmed