890 So.2d 376 (2004)
The STATE of Florida, Appellant,
v.
Robert D. DEL CASTILLO, Appellee.
No. 3D03-2422.
District Court of Appeal of Florida, Third District.
December 22, 2004.
*377 Charles J. Crist, Jr., Attorney General, and John D. Barker, Assistant Attorney General, for appellant.
Bennett H. Brummer, Public Defender, and Manuel Alvarez, Assistant Public Defender, for appellee.
Before SCHWARTZ, C.J., and LEVY, J., and DAUKSCH, JAMES C. JR., Senior Judge.
LEVY, Judge.
The issue before the Court is whether the trial court properly struck the State's notice of intent to seek habitual offender enhancement where defendant received probation and adjudication was withheld for the predicate crime on which the State relies to support the habitual felony offender enhancement.
Defendant was charged with two counts of third degree grand theft and two counts of uttering a forged instrument. The State filed an amended notice of intent to seek an enhanced penalty, alleging that defendant qualified as both a habitual felony offender and as a habitual violent felony offender. Defendant moved to strike the habitual felony offender enhancement, arguing that his prior conviction should not be considered for purposes of the enhancement because he was placed on probation for the three prior charges. The trial court subsequently offered defendant a plea of offer of 364 days in county jail with credit for time served, followed by a reinstatement to probation. Defendant accepted the court's offer.
At defendant's plea colloquy, the trial court granted defendant's motion to strike the State's notice to seek enhancement. The State objected to the plea, and pointed out that the defendant scored 97.8 months bottom of guidelines. The trial court then filed an Order justifying downward departure, explaining that defendant made full restitution to the victim two months before he was arrested. The trial court noted defendant's prior convictions, but struck the habitual offender enhancement on the grounds that the defendant's priors could not be considered predicate crimes for habitual offender status because probation was not a sentence. The State appeals.
Section 775.084, Florida Statutes, sets forth the criteria to support a finding that a defendant is a habitual felony offender. § 775.084, Fla. Stat. (2002). Specifically, the chapter requires that before finding that a defendant is a habitual offender, the court must find, among other things, that *378 the defendant has been convicted of any combination of two or more felonies in Florida; and that the felony was committed "[w]hile the defendant was serving a prison sentence or other sentence, or court-ordered or lawfully imposed supervision that is imposed as a result of a prior conviction for a felony or other qualified offense [.]" § 775.084(1)(a)2, Fla. Stat. (2003)(emphasis added). Additionally, Section 775.084(2), provides: "For the purposes of this section, the placing of a person on probation or community control without an adjudication of guilt shall be treated as a prior conviction." § 775.084(2), Fla. Stat. (2003).
The issue of whether probation is a "conviction," and constitutes a "sentence," for habitual offender enhancement, has been the subject of controversy among some Florida districts; specifically, the Fourth and Second Districts. The Second District holds firm to its finding in McCall v. State, 862 So.2d 807 (Fla. 2d DCA 2003) that a "sentence" under section 775.084 includes the sanction of probation and therefore, the State may rely on a case where the defendant was placed on probation to support a habitual offender status. McCall, 862 So.2d at 808. On the other hand, the Fourth District, in Richardson v. State, 884 So.2d 950 (Fla. 4th DCA 2003), rehearing granted 884 So.2d 950 (Fla. 4th DCA 2004), held that a sentence and probation are distinct concepts. Richardson, 884 So.2d 950, 951. Specifically, the Court referred to section 948.01(2), Florida Statutes, which provides that when a defendant is placed on probation the court is required to stay and withhold the imposition of the sentence. Id. The Fourth District reasoned that where defendant was convicted and, as a result of the conviction, the court found the defendant violated his probation, the sentence for the violation case and the case which forms the basis for the violation are entered on the same day and violate the sequential conviction requirement of section 775.084, Florida Statutes, which provides: "In order to be counted as a prior felony for purposes of sentencing under this section, the felony must have resulted in a conviction sentenced separately prior to the current offense and sentenced separately from any other felony conviction that is to be counted as a prior felony." § 775.084(5), Fla. Stat. (2003); Richardson, 884 So.2d 950, 951.
On rehearing, the Fourth District considered the interrelations of subsections two and five of section 775.084, Florida Statutes, and found that the subsections, when read together, are ambiguous but not inconsistent. Richardson v. State, 884 So.2d 950, 953 (Fla. 4th DCA 2003). "Because the language of these subsections is indefinite and susceptible of differing constructions, the rule of lenity applies; the statute must be construed in the manner most favorable to the accused." Id. Accordingly, the Court held that a crime for which the defendant receives probation may be considered for habitual offender enhancement.
This Court, in Render v. State, 742 So.2d 503 (Fla. 3d DCA 1999), previously considered whether a prior grand theft conviction where the defendant was placed on probation and completed the probationary period at the time he committed the subsequent offense, could be considered for section 775.084 sentencing. At the time of Render, section 775.084(2) provided: "For the purposes of this section, the placing of a person on probation without an adjudication of guilt shall be treated as a prior conviction if the subsequent offense for which he is to be sentenced was committed during the probationary period." § 775.084(2), Fla. Stat. (1995); Render, 742 So.2d at 504. The Court found that *379 because the defendant was adjudicated guilty, the prior conviction was properly treated as a predicate offense for habitualization. Render, 742 So.2d at 504.
In the instant case, the trial court struck the State's notice of intent to seek habitual offender enhancement where the defendant was placed on probation and adjudication was withheld, believing that it could not consider a predicate crime for which the defendant received probation under section 775.084. Clearly, section 775.084(2), governs the instant matter and the predicate crime may be considered for habitualization. We disagree with the Fourth District's reading that sections 775.084(2) and 775.084(5) are inconsistent. Section two clearly intends to define, or extend, the term "prior conviction." § 775.084(2), Fla. Stat. (2003). "One of the most fundamental tenets of statutory construction requires that we give statutory language its plain and ordinary meaning, unless the words are defined in the statute or by the clear intent of the legislature." Green v. State, 604 So.2d 471, 473 (Fla.1992).
In light of the foregoing, the trial court's Order denying habitual offender consideration on the ground that the court could not consider a predicate crime for which defendant received probation is reversed. Accordingly, we reverse the Order and remand to the trial court to revisit, if so inclined, the issue of enhancement.
Reversed and remanded.