FLETCHER, Judge.
Nathaniel Brown appeals from the trial court’s denial of relief pursuant to Florida Rule of Criminal Procedure 3.800. We affirm.
Brown was convicted of burglary of a dwelling in case number 96-2329, and was placed on probation. While on probation, Brown committed a new felony offense of strong arm robbery, case number 98-18042. He was convicted and sentenced to fifteen years as an habitual offender. Brown argues that his habitual offender sentence is illegal because his probation in case number 96-2329 cannot count as a qualified prior “sentence” for purposes of section 775.084, Florida Statutes (1997).
As the trial judge correctly explained in her order denying relief, there is disagreement among the district courts in Florida regarding the date of conviction for purposes of habitual offender sentencing and the sequential sentencing requirement. See Prudent v. State, 898 So.2d 1124 (Fla. 3d DCA 2005)(certifying conflict with Richardson v. State, 884 So.2d 950 (Fla. 4th DCA 2004) on this issue); State v. Del Castillo, 890 So.2d 376 (Fla. 3d DCA 2004)(probation is a “conviction” and constitutes a “sentence” under the habitual offender enhancement statute). In accordance with Prudent and Del Castillo we hold that the original sentencing date controls. Following this understanding, Brown’s probation in case number 96-2329 is a conviction for purposes of applying the habitual offender statute in force at the time.
In any event, Brown was legally sentenced as an habitual offender because he committed the new felony offense while on probation. The statute clearly provides that one may be sentenced as an habitual offender if the defendant was serving a prison sentence “or other commitment” imposed as a result of a prior conviction for a felony. § 775.084(l)(a)2.a, Fla. Stat. (1997). It is of no consequence that his probation in 96-2329 was not revoked until after his conviction and sentence in the current case.
We find Brown’s remaining issue to be without merit and affirm in all respects the trial court’s order denying relief, and certify conflict with Richardson v. State, 884 So.2d 950 (Fla. 4th DCA 2004), appeal docketed, No. SC04-174 (Fla.2004).
Affirmed.