WELLS, Judge.
 

 Ricardo Anthony Carter appeals from an order denying as untimely his Florida Rule of Criminal Procedure 3.850 motion to vacate his guilty plea. We affirm without prejudice for Carter to file a new postconviction motion to raise the claim he has attempted to argue for the first time here regarding his attorney’s failure to advise him of the deportation consequences of his plea.
 

 In May 1997, Carter pled guilty to one count of possession of cocaine with intent to sell or deliver and one count of possession of marijuana. Twelve years later, in 2009, Carter consulted with an immigration attorney who informed him that his plea could subject him to deportation.
 
 [1]
 

 In November 2009, Carter filed the instant postconviction motion to vacate plea, arguing that the trial court had failed to inform him of the deportation consequences of his plea as required by Florida Rule of Criminal Procedure 3.172(c)(8). The trial court denied the motion as untimely because Carter failed to file it within the two year window period — from October 26, 2006 to October 26, 2008— provided in
 
 State v. Green,
 
 944 So.2d 208 (Fla.2006), and because “the defendant has not met the threshold burden of showing what due diligence he undertook
 
 *908
 
 to ascertain the deportation consequences of his plea” after the window period expired.
 
 See id.
 
 at 218 (“It will not be enough to allege that the defendant learned of the possibility of deportation proceedings after the two-year limitations period has expired. The requirement of due diligence compels the defendant to allege and prove that affirmative steps were taken in an attempt to discover the effect of the plea on his or her residency status.”).
 

 While Carter’s appeal in this matter was pending, the United States Supreme Court decided
 
 Padilla v. Kentucky,
 
 — U.S. —, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), addressing ineffective assistance of counsel claims based upon defense counsel’s failure to advise a defendant of the deportation consequences of a guilty plea. Rather than address the issue raised and adjudicated below, that is, the propriety of the lower court’s determination that Carter’s Rule 3.850 motion alleging the trial court’s failure to comply with Rule 3.172(c)(8) was untimely under
 
 Green,
 
 Carter now argues that he is entitled to relief because his counsel was ineffective for failure to advise him of the deportation consequences of his plea under
 
 Padilla.
 

 We decline to address the ineffective assistance of counsel issue because it was not raised in the court below.
 
 See Campbell v. State,
 
 884 So.2d 190 (Fla. 2d DCA 2004) (declining to address posteonviction issues that were not first presented to the trial court). We therefore affirm the order on review without prejudice for Carter to file a new postconviction motion
 
 [2]
 
 in the lower court alleging his ineffective assistance of counsel claim.
 

 [1]
 

 . Though apparently not alleged below, Carter now asserts in his Initial Brief on appeal that "[h]e is currently detained awaiting deportation.”
 

 [2]
 

 . We also note that the oath and affidavit included in Carter’s motion below were not signed by him as required.
 
 See
 
 Fla. R.Crim. P. 3.850(c).