# Third District Court of Appeal

## State of Florida

Opinion filed December 27, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-1216
Lower Tribunal No. 98-25761
_____

**Carlos Jose Garcia,**
Appellant,

vs.

**The State of Florida**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Oscar Rodriguez-Fonts, Judge.

Jonathan Arias, for appellant.

Pamela Jo Bondi, Attorney General, and Gabrielle Raemy Charest-Turken, Assistant Attorney General, for appellee.

Before FERNANDEZ, LUCK and LINDSEY, JJ.

LUCK, J.

Carlos Jose Garcia appeals the trial court's order denying his Florida Rule of Criminal Procedure 3.800(a) motion to correct his illegal habitual violent felony offender sentence. We affirm.

In 1995, Garcia pleaded guilty to committing aggravated assault with a firearm, and was sentenced to probation. While on probation, in 1996, Garcia committed armed robbery. A jury found Garcia guilty of the armed robbery charge, and he was sentenced, in 1999, to forty years in state prison, with a fifteen year minimum mandatory sentence, as an habitual violent felony offender.

Garcia contends that his habitual violent felony offender designation was illegal because his 1995 aggravated assault conviction could not be used as a qualifying offense to enhance his sentence. Garcia points to section 775.084(1)(b)(2)(a), Fla. Stat. (Supp. 1998), which provided that the trial court may impose an extended term of imprisonment if the court found the defendant committed his felony while serving "a prison sentence or other commitment."[1] His 1995 probation sentence, Garcia argues, did not qualify as "a prison sentence or other commitment," and therefore, could not serve as a basis to enhance his 1999 armed robbery sentence. See Hightower v. State, 630 So. 2d 1220, 1221 (Fla. 2d DCA 1994) ("[I]f community control cannot be included in the definition of 'other

---

[1] This part of section 775.084 has since been amended.

commitment,' then probation, which is a less restrictive form of control, also should not be included.").

But as the trial court explained in its well-reasoned order, Garcia ignored the next sentence in the habitual violent felony offender statute. Section 775.084(1)(b)(2)(b) provided that the defendant's sentence also may be enhanced if his felony was committed "[w]ithin 5 years of the date of the conviction" of an earlier qualifying prior felony. § 775.084(1)(b)(2)(b), Fla. Stat. (Supp. 1998). The complete provision read:

> "Habitual violent felony offender" means a defendant for whom the court may impose an extended term of imprisonment . . . if it finds that . . . .
>
> The felony for which the defendant is to be sentenced was committed:
>
> a. While the defendant was serving a prison sentence or other commitment imposed as a result of a prior conviction for an enumerated felony; or
>
> b. Within 5 years of the date of the conviction of the last prior enumerated felony, or within 5 years of the defendant's release from a prison sentence or other commitment imposed as a result of a prior conviction for an enumerated felony, whichever is later.

Id. § 775.084(1)(b) (emphasis added). That is, the defendant's sentence may be enhanced if he committed his most recent felony: (a) while serving "a prison sentence or other commitment"; or (b) within five years of a qualifying prior felony. (Aggravated assault was a qualifying prior felony. Id. § 775.084(1)(b)(1)(g).)

3

Garcia's 1995 aggravated assault probation sentence did not count as a "prior sentence or other commitment," but it did count as a qualifying prior felony committed within five years of the armed robbery. Unlike the Hightower defendant, who did not qualify under either subsection of the habitual felony offender statute, Garcia's sentence was due to be enhanced under section 775.084(1)(b)(2)(b) because he had committed aggravated assault less than five years earlier, even if he didn't qualify for the enhancement under subsection (a). See Hightower, 630 So. 2d at 1221 ("Because Hightower did not commit the present felony within five years of his 1984 conviction, we reverse the habitual violent felony offender sentence and remand for resentencing within the guidelines.").

In his initial brief, Garcia also contends that his habitual violent felony offender sentence was illegal because the 1995 probation sentence could not be counted as a "conviction" for purposes of section 775.084(1)(b)(2)(b). Because this issue was raised for the first time on appeal, we decline to address it. See Hutchinson v. State, 17 So. 3d 696, 703 n.5 (Fla. 2009) ("Even if we were to accept Hutchinson's contention that he is actually arguing ineffectiveness due to trial counsel's failure to present evidence of his innocence to the jury, such a claim is not cognizable on this appeal because it is being raised for the first time."); Connor v. State, 979 So.2d 852, 866 (Fla. 2007) ("This confrontation issue was not

raised at the trial level and was not raised in the 3.851 motion. Because the issue may not be heard for the first time on appeal of a postconviction motion, we deny relief on this issue."); Carter v. State, 43 So. 3d 907, 908 (Fla. 3d DCA 2010) ("We decline to address the ineffective assistance of counsel issue because it was not raised in the court below."). But even if we did, we would reject Garcia's argument because the habitual violent felony offender statute treated a probation sentence as a prior conviction where the defendant, like Garcia, committed his most recent felony while on probation. See § 775.084(2), Fla. Stat. (Supp. 1998) ("For the purposes of this section, the placing of a person on probation or community control without an adjudication of guilt shall be treated as a prior conviction if the subsequent offense for which the person is to be sentenced was committed during such period of probation or community control."). In Render v. State, 742 So. 2d 503 (Fla. 3d DCA 1999), the defendant raised the same argument that "his prior grand theft conviction could not be used for habitualizing him because he had been placed on probation" (and his probation had expired). Id. at 504. We held that the "grand theft conviction was properly treated as a predicate offense by the trial court" because "there was no withholding of adjudication. Appellant was adjudicated guilty." Id. Here, too, Garcia was adjudicated guilty of aggravated assault with a firearm and placed on probation within five years of his armed robbery conviction.

5

The trial court properly denied Garcia's motion to correct his illegal sentence.

Affirmed.