# Third District Court of Appeal

## State of Florida

Opinion filed July 7, 2021.
Not final until disposition of timely filed motion for rehearing.

————————

No. 3D21-1159
Lower Tribunal Nos. F08-23614, F14-8084

————————

**Kwanell Finnie,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Jose L. Fernandez, Judge.

Kwanell Finnie, in proper person.

Ashley Moody, Attorney General, for appellee.

Before EMAS, HENDON and MILLER, JJ.

PER CURIAM.

Affirmed.  See § 775.084(1)(b), Fla. Stat. (2008 and 2014) (providing, inter alia, that a defendant qualifies as a habitual violent felony offender if he was previously convicted of one or more enumerated felonies, and the present offense was committed: a) while defendant was serving a prison sentence or court-ordered supervision imposed as a result of a conviction for an enumerated felony; or b) within five years of the date of conviction for the last prior enumerated felony; or c) within five years of the date of defendant's release from a prison sentence or court-ordered supervision imposed as a result of a prior conviction for an enumerated felony); § 775.084(2), Fla. Stat. (2008 and 2014) (providing: "For the purposes of this section, the placing of a person on probation or community control without an adjudication of guilt shall be treated as a prior conviction."); Garcia v. State, 237 So. 3d 1080 (Fla. 3d DCA 2017) (recognizing that defendant was properly designated a habitual violent felony offender where the applicable version of the statute defined a prior conviction as including a sentence of probation).  See also Ponton v. State, 73 So. 3d 70, 76-77 (Fla. 2011) (holding that "since only one qualifying prior felony is needed for an HVFO adjudication, it does not matter if the conviction for the qualifying prior felony was entered together with, or separate from, convictions for other qualifying

2

felonies, so long as the qualifying felony conviction was adjudicated separately from and prior to the current offense").